(16 Misc. Rep. 42.)

## ULMER v. MINSTER.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

BENEVOLENT ASSOCIATIONS—CONSTITUTION.

A provision in the constitution of an unincorporated benevolent association composed of the employés of a firm that, should any member of the association be discharged "for any reason whatever" from the employment of the firm, his membership shall cease, is binding on all members subscribing to the constitution, so as to prevent a recovery by a member for sick benefits after his discharge, though he was discharged on account of his sickness.

Appeal from Fifth district court.

Action by Justin Ulmer against Leopold Minster, as president, etc. There was a judgment for defendant, and plaintiff appeals.   Affirmed.

Argued before McADAM and BISCHOFF, JJ.

Edward Mandel, for appellant.
M. B. Blumenthal, for respondent.

McADAM, J.   It was conceded upon the trial that the plaintiff was a member in good standing of the unincorporated society known as the "L. Strauss & Sons Benevolent Association"; that he became sick March 9, 1895, and was on that account discharged from the employment of L. Strauss & Sons on March 15, 1895.   On the following day the defendant paid the plaintiff the sick benefits for the preceding week, but declined to make any further payments.   The action is to recover benefits after such discharge and during his entire illness.   Section 15 of the defendant's constitution and by-laws provides that: "Should any one, being a member of this association, be discharged from the employment of L. Strauss & Sons, for any reason whatever, or leave of his own accord, his membership shall forthwith cease."   The defendant being a voluntary, unincorporated association, composed of the employés of the firm after which it is named, and the plaintiff having subscribed to the constitution and by-laws on becoming a member, he is bound by them, however unreasonable they may seem.   Elsas v. Alford, 1 City Ct. R. 123.   Since the plaintiff had ceased to be an employé of L. Strauss & Sons, and his membership in the association had thereby terminated, before the benefits for which the action was brought accrued, it follows that the defendant owed him nothing, and that the justice properly so decided.   The judgment must therefore be affirmed, with costs.