LLOYD v. SUPREME LODGE KNIGHTS OF PYTHIAS.

(Circuit Court of Appeals, Seventh Circuit. December 1, 1899.)

No. 623.

1. EVIDENCE—PROOF OF BY-LAW—PAROL TESTIMONY.

Oral testimony is not admissible to prove the adoption of a by-law by an insurance association, where, under the laws of the state, a certified copy of the record may be used.

**2. LIFE INSURANCE—CONSTRUCTION OF POLICY—RESERVATION OF RIGHT TO ADD NEW CONDITIONS.**

A provision of a life insurance policy making it subject to the rules and regulations of the association issuing it then in force or that "might thereafter be enacted" gives the association the right to add new conditions to the contract by subsequent regulations, but it has no power to make such regulations retroactive, so as to render the policy forfeitable, or diminish the amount recoverable thereunder, because of acts done by the insured previous to their enactment.

**3. SAME—EFFECT OF SUBSEQUENT CHANGE IN CONDITIONS OF POLICY.**

Where, after the issuance of a life policy, its conditions were changed, as therein provided might be done, by a by-law enacted by the association reducing the amount recoverable thereon in case the death of the insured should be caused or superinduced by the use of intoxicating liquors, the question whether the amount recoverable on the subsequent death of the insured, admitted to have been superinduced by the use of intoxicating liquors, is affected by such by-law, becomes one of fact, depending on whether the disease causing his death became seated in fatal and incurable form before or after the by-law took effect.

**4. SAME—ENACTMENT OF BY-LAWS BY ASSOCIATION—SUPREME LODGE KNIGHTS OF PYTHIAS.**

Article 6 of the by-laws of the Supreme Lodge Knights of Pythias, relating to the conditions of insurance of members of the endowment rank, and adopted September 1, 1896, was legally enacted, and is valid.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

The plaintiff in error, Jane Wiley Lloyd, was plaintiff below in an action of assumpsit founded on a certificate of membership and policy of life insurance issued by the defendant, Supreme Lodge Knights of Pythias, to her husband, Walter C. Lloyd, who died March 15, 1897. The certificate was issued June 15, 1889, in the form adopted by the order for life insurance, is designated "fourth class," and for the sum of $3,000. It names the plaintiff as the beneficiary; and liability, in the event of death of the assured, is conditioned, among other requirements, upon the payment of the admission fee and "of all assessments as required," and "full compliance with all the laws governing this rank now in force, or that may hereafter be enacted, and shall be in good standing under said laws." The application of the assured is made a part of the contract, and states that the contract "shall be governed by all the laws, rules, and regulations of the order governing the rank, now in force, or that may hereafter be enacted by the supreme lodge." With the application the assured further states that he uses intoxicating liquors "very moderately," and that he has always been temperate in their use. The testimony is undisputed that the immediate cause of death of the assured was "cirrhosis of liver," and it was conceded on behalf of the plaintiff that "the cause of death was superinduced by alcohol." There is testimony in the record tending to show that this disease was contracted as early as the summer of 1894; that the attending physician then regarded it as chronic, and incurable, and in such view that it would "terminate fatally sooner or later." The habitual use of intoxicating liquor by the assured appears both before and after 1894, but, so far as there is direct proof of immoderate use, it relates to the last year of his life. The following by-law was introduced on behalf of the defendant, as an enactment by the supreme lodge on September 1, 1896, taking effect sixty days thereafter pursuant to the constitution: "Art. 6. Beneficiaries, Conditions of Payment, Contract, etc. If the death of any member of endowment rank heretofore admitted into the first, second, third, or fourth classes, or hereafter admitted, shall result from suicide, either voluntary or involuntary, whether such member shall be sane or insane at the time, or if such death shall be caused or superinduced by the use of intoxicating liquors, narcotics, or opiates, or in consequence of a duel, or at the hands of justice, or in violation or attempted violation of any criminal law, then the amount to be paid upon such member's certificate shall be a sum only in proportion to the whole amount as the matured

life expectancy is to the entire expectancy at date of admission to the endowment rank, the expectation of life based upon the American experience table of mortality in force at the time of such death to govern." The plaintiff objected to this by-law (1) as not adopted in accordance with the constitution; (2) as "void, because retroactive"; (3) as unreasonable; (4) as not adopted by the supreme lodge; (5) as not, in terms and effect, retroactive; and (6) as not properly entitled. Exceptions were preserved to the admission of the by-law and to subsequent refusal to exclude it from consideration by the jury. The plaintiff offered the following provisions of the so-called "Constitution of the Supreme Lodge Knights of Pythias," being in fact a mere regulation adopted by the supreme lodge: Section 12: "All laws enacted by the supreme lodge shall be of general application, shall be formulated as statutes, and shall be styled 'supreme statutes' and when introduced and while under consideration shall be styled 'propositions.'" Section 13: "A proposition shall embrace not more than one subject, which shall be clearly expressed in its title." Section 15: "No proposition shall become a statute until it shall have passed three successive readings, the second and third of which shall be had on the same calendar day." Section 18: "The enacting clause of every proposition shall be as follows: 'Be it enacted by the Supreme Lodge, Knights of Pythias,' and shall precede or be a part of the first section of such proposition." Section 19: "All statutes shall take effect sixty days after final passage, unless otherwise provided." And in reference to the action of the supreme lodge, on which the adoption of the above by-law was asserted, the record of the proceedings was introduced, showing the submission of the by-law, with others, for enactment, on August 29, 1896; that "the report was read a first and second time by title and passed" on August 31, 1896; that "the general laws, rules, and regulations of the endowment rank as proposed by the committee, having been read a third time, were enacted" by vote as recited. The defendant produced as a witness the president of the board of control, who identified a by-law contained in a printed book, and stated that it was introduced by him at a meeting of the supreme lodge, held in August or September, 1894, and was adopted by the supreme lodge; that it continued in force "ever since, and was amended in 1896." This testimony was received under objection as incompetent and immaterial, and the following by-law, so referred to, was then received under objection and exception: "If the death of any member of the endowment rank heretofore admitted into the first, second, third, or fourth classes or hereafter admitted, shall result from self-destruction, either voluntary or involuntary, whether such member shall be sane or insane at the time, or if such death shall be caused or superinduced by the use of intoxicating liquors, narcotics, or opiates or in consequence of a duel, or at the hands of justice, or in violation or attempted violation of any criminal law, then, in such case, the certificate issued to such member and all claims against said endowment rank on account of such membership shall be forfeited." At the close of the testimony the plaintiff renewed the objections to the by-law of 1896, and, the jury being excused, arguments were heard upon the question of its validity and effect, in the course of which counsel for plaintiff made substantially the following statements: That the proof is uncontroverted that the death of the assured resulted from cirrhosis of the liver, which was caused by the use of alcoholic liquors; that it is a question of law whether the by-law is valid and controlling, and whether it applies to the defense, and, if so held, "that is the end of the case," except the question whether there was an intemperate use of intoxicating liquors; that, even if the by-law is held valid, its application should be limited "to those cases where the insured could, by governing themselves in their conduct, avoid the results of the by-law," and in such view plaintiff is entitled to recover $3,000; and, finally: "It is a question of law. I do not suppose there will be any necessity much for the jury, except to return such verdict as the court may direct." The subsequent proceedings were as follows: "Whereupon the court admitted in evidence the said by-law of 1896 heretofore offered by the defendant, to which ruling of the court, in admitting said by-law in evidence, counsel for plaintiff then and there duly excepted. And thereupon plaintiff, by her counsel, moved the court to strike from the record and exclude from the consideration of the jury the said by-law, which motion of the plaintiff the court overruled, to which action of the court, in overruling said motion,

the plaintiff, by her counsel, then and there duly excepted. Whereupon the defendant, by its counsel, then and there moved the court to instruct the jury to find the issues for the plaintiff, and assess the plaintiff's damages at six hundred and ten dollars and eight cents ($610.08), and the court then and there granted said motion, and directed the said jury to find the issues for the plaintiff, and to assess the plaintiff's damages at six hundred and ten dollars and eight cents, and directed that a verdict be entered in that amount, which was done accordingly. Thereupon the plaintiff, by her counsel, then and there duly excepted to the action of the court in granting said motion of the defendant, and in directing the jury to assess the plaintiff's damages in the sum of six hundred and ten dollars and eight cents, and in directing that a verdict be entered in that amount." Verdict was returned and judgment entered accordingly.

Howard E. Leach, for plaintiff in error.

Benson Landon, for defendant in error.

Before WOODS, Circuit Judge, and BUNN and SEAMAN, District Judges.

SEAMAN, District Judge, after the foregoing statement, delivered the opinion of the court.

This action is founded on a contract of insurance made by the defendant below, Supreme Lodge Knights of Pythias, June 15, 1889, on the life of Walter C. Lloyd, as a member of the order, for $3,000, and the controversy hinges upon the validity and effect of a by-law which purports to have been adopted by the defendant on September 1, 1896, to become operative 60 days later. The by-law provides: "If the death of any member * * * heretofore admitted * * * or hereafter admitted * * * shall be caused or superinduced by the use of intoxicating liquors," a portion only of the amount insured should be paid, based on certain computations of life expectancy. The contract was entered into subject to the "laws, rules, and regulations of the order" then in force or thereafter "enacted by the supreme lodge"; but the liability of the defendant for the entire amount is undisputed, except for such operation as this by-law may have under the testimony or conceded facts. Oral testimony appears to have been introduced on behalf of the defendant at the close of the case, purporting to show the adoption of a by-law by the supreme lodge "at a convention in August or September, 1894," which declared a forfeiture of insurance upon the same conditions stated in the by-law of 1896. The objection raised of insufficiency of the proof was valid, as it was secondary in character, when certified copies of the record evidence were available under the provisions of the Illinois statute. Hurd's Rev. St. c. 51, § 15; 2 Starr & C. Ann. St. Ill. (2d Ed.) p. 1846. The record shows that the trial below was conducted throughout, in the introduction of testimony and in the motions and discussion on the part of counsel, upon the theory that the validity of the by-law of 1896 was the sole test of liability for the amount of insurance, under the undisputed fact that the subsequent death of the assured was "caused or superinduced by the use of intoxicating liquors," and that upholding the by-law operated per se to defeat recovery, regardless of the time when the disease so caused was in fact contracted. The testimony which tends to show that cirrhosis of the liver existed in the case

of the assured in its fatal stage before the by-law was adopted was apparently set aside without discussion by counsel, or consideration by the court in the final direction of the verdict for defendant. Such retroactive effect of the by-law is neither demanded by its terms nor admissible under the rules applicable to provisions so adopted, and in the argument at the bar of this court counsel for the defendant in error frankly conceded that a by-law thus adopted would not operate to destroy liability for a pre-existing cause of death which was otherwise within the terms of the insurance. The stipulation that the contract "shall be governed by all the laws, rules, and regulations of the order governing the rank now in force or that may hereafter be enacted," and the condition requiring "full compliance with all the laws governing this rank now in force or that may hereafter be enacted," are provisions which frequently appear in like contracts between mutual benefit associations and their members. The right so reserved in the association is well recognized as authorizing it to subject members to further requirements and conditions of future liability by reasonable enactments within the objects and for the general welfare of the association, and to apply the regulations to prior contracts, but to the extent only that the conditions thus imposed arise after the enactment. No authority rests in the association under this reservation to repudiate obligations as insurer which have become vested under the contract, and the by-law which imposes a new condition, or exempts from liability for a cause of death previously within the insurance, cannot be made retroactive to impair or destroy liability for a pre-existing cause which arose under the contract. Wist v. Grand Lodge, 22 Or. 271, 29 Pac. 610; Supreme Lodge v. Knight, 117 Ind. 497, 20 N. E. 479, 3 L. R. A. 409; Hale v. Union, 168 Pa. St. 377, 382, 31 Atl. 1066; Nibl. Ben. Soc. & Acc. Ins. (2d Ed.) p. 65. The by-law in question is not, in terms, opposed to the rule thus stated. Although it relates to members "heretofore admitted," its terms are prospective, only, in reference to the cause of death, namely, "if such death shall be caused or superinduced by the use of intoxicating liquors" (Wist v. Grand Lodge, supra); and such provision, in the absence of clear expression otherwise, must be construed as prospective only, "although its words are broad enough in their literal extent to comprehend existing cases" (Suth. St. Const. §§ 464, 465; Sedg. St. & Const. Law [2d Ed.] 161).

The questions of fact presented on the introduction of the by-law of 1896 were: (1) Whether the disease which produced the death of the assured was caused or superinduced by the use of intoxicating liquors; and, if so caused, (2) whether the disease became seated in fatal and incurable form before or after the time from which the by-law is operative; or (3) whether the use of intoxicating liquors after the by-law became effective caused or superinduced the death. The answer to the first question in the affirmative was conceded by counsel upon both sides on the undisputed testimony, but the other two inquiries were not covered by the admission, and were clearly for the jury to determine so far as there was room for difference of opinion under the testimony. The contention in support of the

judgment that all issues of fact were waived by the remarks made by counsel for plaintiff in error on the motion to direct a verdict are not sustainable to that extent. The discussion related to the erroneous construction of the by-law which was there assumed, and the remarks of counsel in that view—that "the cause of death was superinduced by alcohol," that "there is no question about it, under the proof," and that "it is a question of law. I do not suppose there will be any necessity much for the jury except to return such verdict as the court may direct"—cannot be treated, in the face of cogent testimony of contrary effect, as an admission that the fatal disease was contracted after the by-law became effective. On the construction of the by-law adopted in this opinion the issues of fact above indicated remained for the jury to determine, and the direction thereupon in favor of the defendant was erroneous. If death resulted in this case from cirrhosis of the liver, which had reached its fatal stage before the by-law became operative, and was not caused or superinduced by the use of intoxicating liquors subsequent to the adoption, the right of recovery upon the contract was not affected by the by-law. The question suggested in the briefs of counsel of the possible effect of a pre-existing by-law exempting the insurer from liability for the same causes of death specified in the by-law of 1896 cannot be considered on this record, for the reason that no competent evidence is presented of such provision. If the proof upon another trial shows the adoption of a by-law upon the same subject in 1894, and that the cause of death in this instance arose during its existence, it will devolve upon the trial court to determine whether the new enactment operated as a repeal of all the provisions of the earlier by-law, or as a mere modification. See U. S. v. Tynen, 11 Wall. 88, 92, 20 L. Ed. 153; Murdock v. City of Memphis, 20 Wall. 590, 617, 22 L. Ed. 429; U. S. v. Bowen, 100 U. S. 508, 512, 25 L. Ed. 631; King v. Cornell, 106 U. S. 395, 396, 1 Sup. Ct. 312, 27 L. Ed. 60; District of Columbia v. Hutton, 143 U. S. 18, 26, 12 Sup. Ct. 369, 36 L. Ed. 60. Also, Tracy v. Tuffly, 134 U. S. 206, 223, 10 Sup. Ct. 527, 33 L. Ed. 879; Steamship Co. v. Joliffe, 2 Wall. 450, 458, 17 L. Ed. 805. The assignments of error founded on objections to the validity of the by-law of 1896 fall within the recent decisions in Supreme Lodge v. Kutscher, 179 Ill. 340, 345, 53 N. E. 620, Same v. Trebbe, 179 Ill. 348, 352, 53 N. E. 730, and Dornes v. Supreme Lodge, 75 Miss. 466, 23 South. 191, and are therefore overruled.

The judgment below is reversed, with direction to grant a new trial.