SUPREME LODGE KNIGHTS OF PYTHIAS v. LLOYD.

(Circuit Court of Appeals, Seventh Circuit. April 9, 1901.)

No. 740.

1. LAW OF THE CASE—SECOND TRIAL.
   Where on writ of error the court determines the question of the power reserved by a benevolent association to change its by-laws, and remands the case on second trial, the ruling became for the court, and on appeal the law of the case.

2. LIFE INSURANCE—USE OF INTOXICATING LIQUORS.
   Whether the death of an insured was caused or superinduced by the use of intoxicating liquors after adoption of a by-law in the association of which he was a member, rendering the policy invalid in respect to a death so caused, was a question of fact for the jury.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

Benson Landon, for plaintiff in error.

Howard E. Leach, for defendant in error.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

PER CURIAM. This case is here the second time. 38 C. C. A. 654, 98 Fed. 66. In the opinion upon the first writ of error, speaking in reference to the power reserved by the association to change its by-laws, and in reference to the condition in the contract of insurance requiring "full compliance with all the laws governing this rank now in force or that may hereafter be enacted," it was said:

"No authority rests in the association under this reservation to repudiate obligations as insurer which have become vested under the contract, and the by-law which imposes a new condition, or exempts from liability for a cause of death previously within the insurance, cannot be made retroactive to impair or destroy liability for a pre-existing cause which arose under the contract."

Upon an exception to the refusal of the court to give a special instruction, we are asked to review that ruling, and authorities are cited which it is contended demonstrate the right of the order under such a contract to adopt by-laws which shall exempt it from liability though the death result from a pre-existing cause. Reference is made to Pain v. Société St. Jean Baptiste, 172 Mass. 319, 52 N. E. 502; Stohr v. Society, 82 Cal. 557, 22 Pac. 1125; Supreme Lodge Knights of Pythias v. Knight, 117 Ind. 497, 20 N. E. 479, 3 L. R. A. 409;

Smith v. Galloway [1898] 1 Q. B. 71; Loeffler v. Modern Woodmen (Wis.) 75 N. W. 1012; Fullenwider v. Royal League, 180 Ill. 621, 54 N. E. 485. If they had been brought to our attention upon a petition for a rehearing, we could have given these decisions their just weight, but now it is too late to consider them. The ruling made became, for this court and the circuit court, at least, the law of the case. If error was committed, it can be corrected in the case, if at all, only by the supreme court.

The refusal of the court to direct a verdict was not error. The by-law in question was valid, at least in respect to deaths caused or superinduced by the use of intoxicating liquors after its adoption; and whether the death of Lloyd, the assured, was so caused or superinduced was a question of fact, which on the evidence could not properly have been withdrawn from the jury, if, indeed, a state of evidence were supposable which could justify such action. There has been some discussion concerning the meaning of the word "superinduced," but no question upon the point is presented. The charge of the court is not in the record. No exception to it was saved, and the presumption, therefore, is that the jury was fully and properly instructed. The judgment below is affirmed.