[Civ. No. 2749.   Fourth Dist.   Aug. 4, 1941.]

TRUMAN O. LAMB, Respondent, v. SHERIFFS' RELIEF ASSOCIATION OF LOS ANGELES COUNTY, Appellant.

Chas. E. R. Fulcher for Appellant.

Holbrook & Tarr for Respondent.

GRIFFIN, J.—This is an appeal from a judgment in an action for declaratory relief rendered in favor of plaintiff and respondent determining that he is entitled to continue to receive certain cash benefit payments from defendant and appellant (hereinafter called the association) during the con-

tinuance of a disability under which he is suffering. There is no material conflict in any of the essential facts in the case. Practically all of the facts were stipulated. The questions pertain solely to the law applicable to those facts.

In March, 1924, the appellant association, an unincorporated benefit association, was established, and its constitution and by-laws were adopted. In 1928, respondent became a member thereof and the by-laws of the association provided in part as follows:

"The membership of this association shall be confined to the sheriff, under-sheriff and all regular civil service appointees, acting as peace officers of Los Angeles County and actually employed. . . .

"Membership in this association shall cease upon the resignation or dismissal of said member from the service, and thereafter such member shall have no claim whatsoever upon any fees or dues or contributions which may have been paid into the treasury of the association, provided, however, that any member in good standing who has completed fifteen years' continuous service, and resigns or retires, may retain his membership in this association by compliance with the constitution and by-laws of this association. . . .

"This association may make additional by-laws, or amend its by-laws by a favorable vote of three-quarters of the membership voting. . . . "

On June 13, 1927, the Board of Supervisors of Los Angeles County adopted an ordinance which established the motor patrol department of that county, under the control and direction of the board of supervisors. September 1, 1927, respondent became employed as a motorcycle officer in the department of motor patrol, and was classified as such under the civil service regulations of that county. On April 30, 1928, respondent made application for membership in appellant association and was duly admitted to membership therein. Ever since that time respondent has paid or tendered his dues to the association.

In 1929 the by-laws of appellant association were amended and among other things increased the amount of benefits payable under the disability clause. On August 14, 1930, respondent, while engaged in the performance of his duties, was totally and permanently physically disabled and the Industrial Accident Commission of the state duly found that he

sustained his injuries arising out of and occurring in the course of his employment as a motorcycle officer of Los Angeles County, and awarded him compensation for life. The appellant association also paid to respondent the amounts provided by its by-laws to be paid from the sick and disability benefit fund, from the date of respondent's injuries until April 1, 1938, when it, by resolution, declined to make further payments, claiming that he was not entitled thereto, since his membership in said organization had ceased in 1932.

On April 5, 1932, the by-laws of the association were amended by adding a proviso, the pertinent portion of which is as follows:

"Provided further that, should any person or group of persons who may at the time of the ratification and adoption of these by-laws, or who may thereafter become, members under the provisions thereof be thereafter inducted into any other public service than that of Los Angeles County, the membership of such person or group of persons shall cease and terminate as of the date of such induction into such other service."

It is admitted that the above amendment was adopted but respondent did not personally give his consent thereto or vote therefor. On April 30, 1932, the board of supervisors passed an ordinance which abolished the motor patrol department and repealed the ordinance establishing the salaries for the employees of that department, and on that same date the respondent's name, together with the names of other members of the motor patrol, was stricken from the rolls of the civil service employees of that county. On that date, while respondent was still suffering from his physical disability, the motor patrol of Los Angeles County was inducted into the service of the State of California, by legislative enactment and, by reason of the fact that respondent had been employed as a motorcycle officer by the county of Los Angeles in the department of motor patrol, his name was transferred to the rolls of the State of California. In this particular the court found:

"That plaintiff has never performed any services for . . . and has never received any compensation from the State of California . . . that after his name appeared upon the rolls in the bureau of personnel of the State of California from July 1st, 1932, until May 8, 1936, the director of personnel

caused to be placed upon the roster card of said plaintiff a notation that the reason for separation was as follows: 'Resignation by reason of absence without leave for more than ten consecutive days.' . . . that plaintiff has never performed any services either for the State of California or for the County of Los Angeles since the said disability occurred, and by reason of the said disability, is now and has been at all times thereafter, unable to draw regular salary. . . . ''

In addition to this voluntary unincorporated association the county of Los Angeles maintains a County Employees' Retirement System, in pursuance of the provisions of Act 5841, Deering's General Laws [1937], Volume 2, p. 2743, and, by virtue of its compulsory provisions respondent was, during the time he was employed by the county of Los Angeles, a member of this system and made his payments to the fund in accordance with the provisions thereof. That act provides in substance that when a member separates from the service of the county, all moneys which shall have been paid into the fund by him shall be refunded to him, with regular interest on such deposits. On June 30, 1932, respondent filed with the board of retirement his application for the deposits made by him, which application reads in part as follows: ''Gentlemen:

''On the 30th day of June, 1932, I permanently severed my connection with the County of Los Angeles as an employee in the Motor Patrol Department and do not anticipate re-employment in any department of the County of Los Angeles.

''I hereby make demand for return and payment to me of total amount deposited by me . . . waiving any future claims to any prior service rights that may be due me.''

In pursuance of this application the sums so paid in by respondent were repaid to him. On May 13, 1938, the trustees of appellant association purported to adopt a resolution canceling respondent's membership in the association and so advised him.

The trial court found that respondent was never expelled, suspended, dismissed, resigned, or retired voluntarily from the services of the county of Los Angeles or from appellant association; that respondent was not actually inducted into the service of the state although his name was placed on the rolls; that respondent has a vested right to the benefits pro-

vided by the terms of the constitution and by-laws of the association as they existed at the time he was permanently and totally disabled; that the association could not alter the constitution and by-laws without respondent's consent subsequent to the occurrence of his disability so as to deprive him of the benefits to which he was then entitled; that he is and was a member of the appellant association; and that the constitution and by-laws do not contemplate the cessation of membership in the association when the connections with county service are severed by reason of the occurrence of a total and permanent physical disability, but contemplate that the disabled members shall continue to draw sick benefits provided for therein during the period of their disability.

It is conceded by appellant that respondent "did not voluntarily resign from the Motor Patrol nor from the service of the County of Los Angeles" but it is argued that he was dismissed from the service within the meaning of the section of the by-laws above quoted. It is contended that the term "dismissal," as used in the by-laws, is not limited to any type of dismissal; that if a person is dismissed for any cause whatever his membership in the association ceases, and his right to any benefits therein simultaneously terminates; and that respondent ratified and confirmed his dismissal by filing his application with the board of retirement. Appellant relies upon *Ulmer* v. *Minster,* 16 Misc. 42 [37 N. Y. Supp. 679].

It is further argued that even though respondent may not have been legally dismissed from the service, the by-laws adopted April 5, 1932, providing that upon any person or group of persons being inducted into any other service, his or their membership in the association shall cease as of the date of the induction, would apply, and respondent, as well as the group of persons above named, having been inducted into the state motor patrol service, were no longer entitled to any benefits from the association, citing *Stohr* v. *San Francisco Musical Fund Society,* 82 Cal. 557 [22 Pac. 1125], and *Bowie* v. *Grand Lodge of Legion of the West,* 99 Cal. 392 [34 Pac. 103].

It is further claimed that the association being voluntary and unincorporated, the constitution and by-laws constituted the entire contract between the parties and that the same rules are not applicable to it as are applicable to corporations,

citing *Levy* v. *Magnolia Lodge, I. O. O. F.,* 110 Cal. 297 [42 Pac. 887]. It is therefore argued that under the by-laws respondent expressly agreed that any by-laws adopted in the future would be binding upon him regardless of their reasonableness.

It is clear from the evidence, as contended by respondent, that respondent was, under the by-laws of appellant association at the time he became a member thereof, a member of the motor patrol and a regular civil service appointee, acting as a peace officer of Los Angeles County and actually so employed; that he paid the necessary dues therein and complied with all of the requirements essential to its membership, and was entitled to the benefits thereof. The by-laws, at the time respondent's disability occurred, specifically provided that "Any member of this association who, by reason of sickness or disability, may be rendered incapable of performing his or her regular duties, when such sickness or disability shall have continued for more than five (5) days from the date on which such member does not draw regular salary on account thereof, shall receive and be paid from the Sick and Disability Fund the following benefits: Beginning on the first day that such member does not draw regular salary on account of sickness or disability, such member shall be paid. . . ; after that time, and still being unable on account of such sickness or disability to return to and perform his regular duties, such sick or disabled member shall be paid at the rate of Forty Dollars ($40.00) per month during the remainder of such sickness or disability. . . . ''

Appellant's position is that respondent must be a member of the association all the time he is drawing such benefits; that to be a member thereof he must then be in the county service; and that respondent, having been dismissed from the service, was no longer a member of the association. The only provision of the by-laws in this regard is that membership shall cease upon the *resignation* or *dismissal* of the member from the service of the county. It is apparent, and appellant concedes, that respondent did not resign. We find no record or facts sufficient to constitute a dismissal of respondent (within the meaning of that term as used in the by-laws) from the service of the county. Respondent was, at the time of the injury, in such service, and was permanently

disabled while so employed. It would be unreasonable to contend that the parties intended that if any member of the association became totally and permanently disabled, and by reason thereof he was unable to render services to the county, his membership in the association and its liability to pay benefits ceased merely because he was no longer able to render services to the county. His eligibility or ineligibility ceased to be a factor after the disability since the provision for benefits applied upon the happening of such contingency and continued definitely "during such sickness or disability".

Without defining respondent's particular status after his service with the county was severed by reason of his permanent total disability, it is sufficient to say that he was not dismissed from such service nor did he resign therefrom. Therefore, the quoted portion of the by-laws was ineffective to cause a cessation of his membership in the association. In this respect the finding of the trial court must be sustained.

We will next consider the effect of the by-laws adopted in respect to the induction of any person or group of persons into another public service, and its effect upon respondent's right to receive benefits from appellant association. It becomes immediately apparent that respondent did not apply to be inducted into any other service. The board of supervisors abolished the motor patrol department and on that date the respondent's name, together with the names of other members thereof, was stricken from the rolls of the civil service employees of the county and transferred to the rolls of the state. Respondent was still permanently disabled, which fact was well known by the board, appellant association, and the bureau of personnel of the state. He never performed any service for the state nor received any compensation from it. The trial court's finding that respondent was never legally inducted into that service must be upheld. This conclusion is fortified by his unsuccessful attempt to receive a retirement allowance. (See *Lamb* v. *Board of County Peace Officers Retirement Commission of Los Angeles County,* 29 Cal. App. (2d) 348 [84 Pac. (2d) 183].)

It must therefore follow that respondent was not one of the group of persons which was inducted into the service of the state within the meaning of the by-law. The question whether respondent's right to benefits was a vested right of which he

could not be divested by such by-law, becomes unnecessary to determine, and causes the authorities cited by appellant to become inapplicable.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 2, 1941.