[No. 11737.   Department Two.—January 22, 1890.]

FRANZ A. STOHR, Respondent, v. SAN FRANCISCO MUSICAL FUND SOCIETY, Appellant.

| 82 | 557 |
| 82 | 646 |
| 82 | 557 |
| 99 | 396 |
| 82 | 557 |
| 117 | 378 |

Mutual Benefit Corporation—Change of By-law with Reference to Future Payments after Sickness Commenced—Vested Right.—A by-law of a mutual benefit corporation which provides for the payment of a weekly sum to members in case of sickness (without specifying how long such payments shall continue) may be changed after sickness has commenced so as to limit the period such payments shall continue after such change, but not so as to affect payments which have become due before the change.

Id.—Express Provision Authorizing Such Change—Implied Provision—Contract Construed with Reference to Existing Laws.

— The foregoing does not depend upon an express power to change reserved by the by-laws. The contract resulting from the by-laws will be construed with reference to existing statutes authorizing a change, which statutes will be held to enter into and form a part of the contract.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*W. H. L. Barnes,* and *F. W. Van Reynegom,* for Appellant.

*Joseph Rothschild,* for Respondent.

Hayne, C. — This was an action to recover certain sick-benefits. The complaint alleges that the defendant was a corporation organized "for the purpose, among other things, of assisting members who by accident or sickness are incapacitated from pursuing their professional calling"; that the plaintiff has been a member in good standing ever since the organization; that during all of said time the following has been one of the by-laws: —

" Every person who has been a member of the society for one year, and is not disqualified by any article of these by-laws, shall, in case of sickness or accident by which he is incapacitated from following his profession, be entitled (on notifying the president or secretary) to receive the sum of ten dollars per week, to take effect from the day of such notice. No allowance shall be made for such disability when it exists for a less time than one week."

The complaint further alleges that the plaintiff has been a member in good standing from the organization of the corporation; that on January 1, 1883, he became sick, and incapacitated from following his profession; that he at once notified the president thereof; that thereupon the defendant paid him the $10 per week from January 1, 1883, to December 1, 1883; that although

plaintiff's incapacity has continued, the defendant refuses to pay him anything further; wherefore he sues for $440.

The answer set up two separate defenses. The first defense avers that on April 24, 1883, the following by-law was duly adopted, viz.:—

"If any member, after the adoption of this section, shall have received benefits continuously for six months, or shall have received benefits to the amount of $260 within a period of time not exceeding twelve consecutive months, the payment of further benefits to such member shall thereafter cease, unless ordered otherwise by the board of directors."

This defense further avers that *after the adoption* of this by-law, and within twelve consecutive months, "the defendant paid to the plaintiff the full sum of $260 and upward in payment of said weekly benefits, at the rate of $10 per week," and that no further payment has been ordered by the board of directors.

The second defense is like the first, except that in addition to the foregoing it contains the averment that from the time of the admission of the plaintiff as a member there has been a by-law of the defendant "by which it did and does reserve and retain to itself the right to repeal, alter, or amend its by-laws, rules, and regulations."

The plaintiff demurred to the answer, on the ground that neither defense stated facts sufficient to constitute a defense to the action; the court sustained the demurrer, and no amendment to the answer being made, gave final judgment for the plaintiff for the amount claimed. The defendant appeals.

It is contended for the respondent that the by-law giving a right to benefits constituted a contract which could not be changed, and the question presented is, whether the defendant had power to change said by-law in the way it did.

Undoubtedly when the plaintiff complied with what

was required of him as a member, the by-laws constituted a contract; and unless the contract itself otherwise provided, it could not be changed without the consent of all the parties. But here the contract itself does provide otherwise. Under the averments of the second defense there is an express provision that the by-laws may be changed. And we do not consider the second defense to be different from the first in legal effect. For the law provides that the by-laws may be changed. This provision must be held to enter into and form a part of the contract; and in legal effect it is as potent as the express provision of the second defense. The latter is but the expression of what the law provides.

In view of this power to alter the contract, it cannot be said that the defendant could not alter its by-laws in *any* respect. The respondent argues, however, that it had no power to alter them so as to impair a vested right. This must be conceded; but we do not think that the new by-law purported to impair a vested right.

The term "vested right" is often loosely used. In one sense every right is vested. If a man has a right at all, it must be vested in him; otherwise, how could it be a right? The moment a contract is made, a right is vested in each party to have it remain unaltered, and to have it performed. The term, however, is frequently used to designate a right which has become so fixed that it is not subject to be divested without the consent of the owner, as contradistinguished from rights which are subject to be divested without his consent. Now, a right, whether it be of such a fixed character or not, must be a right to something. And when a man talks vaguely of his vested right, it conduces to clearness to ask: A vested right to what? In the present case the plaintiff can have no right to have the contract remain unchanged, because, as we have seen, the contract itself provides that it may be changed. Nor has he a right to remain unaffected by *any* change that may be made. For if such

right be common to all the members, it is merely another way of saying that no change can be made; and if the right be not common to the other members, it would be to assert a privilege or superiority over them, of which there is no pretense. If the plaintiff has any right which is so fixed that it is not subject to change, we think it can only be to the fruits which ripened before the change was made; in other words, to such sums as *became due* before the new by-law was adopted. To express it differently, the change could not be retroactive. This is all that we think can be meant by "vested right" in a case like the present.

Now, under the contract, nothing was due before the sickness actually took place. Benefits do not accrue for future sickness. The right of the plaintiff to benefits for future sickness is not different in its nature from the right of the well members to benefits for future sickness. In the one case, the members have a right to future payment *in case they become sick;* in the other, the plaintiff has a right to future payments *in case he continues sick.* And if there was no power to change the by-law in the one case, there was no power to change it in the other, which is equivalent to saying that there was no power to change it at all.

The cases where a specific sum *becomes due* upon the happening of a certain event, as upon death, are not like the present. In such cases an alteration in the contract cannot be made after the fact; for that would be to make that not due which had already become due.

It might perhaps be argued that the foregoing would apply, even if the by-law under consideration had specified that the weekly payments were to continue as long as the sickness continued. But it does not so specify. The time during which the payments were to continue is left indefinite. The substance of the contract is, in our opinion, that, in case of sickness, the member is to receive weekly payments for an indefinite period of sickness,

subject to the power of the defendant to change the provision authorizing such payments, so far as future payments are concerned.

We think that each defense is sufficient, and we therefore advise that the judgment be reversed, with directions to overrule the demurrer.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT:— For the reasons given in the foregoing opinion, the judgment is reversed, with directions to overrule the demurrer.