[S. F. No. 488.   Department Two.—June 22, 1897.]

THOMAS B. ROBINSON, APPELLANT, v. TEMPLAR LODGE, No. 17, I. O. O. F., RESPONDENT.

MUTUAL BENEFIT SOCIETY — CHARITABLE ORDER — SICK BENEFITS—CONSTITUTION AND BY-LAWS — CONTRACT—AMENDMENT—JURISDICTION OF ORDER.—The constitution and by-laws of a mutual benefit society, consisting of a benevolent and charitable order, conferring sick benefits, constitute a contract between the members, and where they provide for amendment, an amendment made before sick benefits accrue thereunder will control as to such benefits; and where the constitution and by-laws confer jurisdiction upon the lodge over all questions of sick or other benefits, with the right of appeal to the grand lodge and to the sovereign grand lodge, a member must first exhaust all the remedies afforded by the order before he can appeal to the courts to enforce a claim for sick benefits.

ID.—WAIVER OF RIGHT OF ACTION—AGREEMENT FOR ARBITRATION—JURISDICTION OF COURTS—DEFENSE TO ACTION.—Members of mutual benefit societies may agree to waive a right to sue in a court of law before a right of action has arisen, and may agree in advance to an arbitration; and though the courts have jurisdiction to entertain a suit by a member of such a society, yet when a suit has been brought, it is a defense thereto that such member has agreed to submit his demand to the tribunals of the association under the prescribed procedure.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   A. A. SANDERSON, Judge.

• The facts are stated in the opinion of the court.

*George D. Collins,* for Appellant.

It was not competent for the rules of the lodge to oust the courts of jurisdiction.   (Bacon on Benefit Societies, secs. 87, 94, 116; Niblack on Benefit Societies, sec. 310; *Robinson v. Templar Lodge,* 97 Cal. 62; *Austin v. Searing,* 16 N. Y. 112; 69 Am. Dec. 665; *Doyle v. Continental Ins. Co.,* 94 U. S. 535; *Stephenson v. Pascataqua Ins. Co.,* 54 Me. 69; *Whitney v. Nat. Masonic etc. Assn.,* 52 Minn. 378; *Pearl v. Harris,* 121 Mass. 390; *Holmes v. Richet,* 56 Cal. 307, 313; 38 Am. Rep. 54; *Pope Mfg. Co. v. Gormully,* 144 U. S. 224.)   The relation between the members as to sick benefits was one of contract and

not of charity. (*Gorman* v. *Russell*, 14 Cal. 535, 536; *Dolan* v. *Court Good Samaritan*, 128 Mass. 437; Bacon on Benefit Societies, sec. 44.) The law determines whether the respondent's relation to its members is contractual, and it is not competent for respondent to escape its legal liability by asserting that what the law considers a contract is not such. (*Manson* v. *Grand Lodge*, 30 Minn. 509, 512.)

*Davis Louderback*, for Respondent.

Under the laws of the lodge, the plaintiff had no right of action for sick benefits, and those laws are valid, and determine the rights of the members. (*Levy* v. *Magnolia Lodge*, 110 Cal. 297; *Harrington* v. *Workingmen's Ben. Assn.*, 70 Ga. 342; *Rood* v. *Railway etc. Mut. Ben. Assn.*, 31 Fed. Rep. 62; *Van Poucke* v. *Netherland etc. Soc.*, 63 Mich. 378; *Canfield* v. *Great Camp etc.*, 87 Mich. 626; 24 Am. St. Rep. 186.) As the plaintiff did not pursue and exhaust the remedies provided within the order, he has no right of action. (*Levy* v. *Magnolia Lodge, supra; Robinson* v. *Irish-American Ben. Soc.*, 67 Cal. 135; *Thomas* v. *M. M. P. Union,* 121 N. Y. 45, 56; *Screwmen's Ben. Assn.* v. *Benson*, 76 Tex. 552; *Chamberlain* v. *Lincoln*, 129 Mass. 70; *Harrington* v. *Workingmen's Ben. Assn.*, 70 Ga. 342; *Poultney* v. *Bachman*, 31 Hun, 49; *Lafond* v. *Deems*, 81 N. Y. 514; *Karcher* v. *Supreme Lodge etc.*, 137 Mass. 368, 372; *Oliver* v. *Hopkins*, 144 Mass. 175; *McAlees* v. *Supreme Sitting etc.* (Pa., Apr. 23, 1888), 13 Atl. Rep. 756.)

TEMPLE, J.—Appeal from the judgment. The action was brought to recover eight hundred dollars for sick benefits. The complaint charges that defendant, by a contract in writing, agreed to pay plaintiff four dollars per week in case he became incapable of earning a livelihood through sickness; that he was so incapacitated during the month of April, 1889, and has so remained ever since; that no part of the said sum of four dollars per week has been paid.

Defendant, in its answer, denies the contract, and also that plaintiff was sick or incapacitated to earn a livelihood.   Defendant also avers, in effect, that it is a subordinate lodge of the Independent Order of Odd Fellows, which is an organization having a constitution and by-laws, as well as rules, and other regulations; that its members are subject to, and controlled by, such constitution and regulations, and enactments, resolutions, orders, decrees, and decisions made in pursuance thereof.   Further, that plaintiff is a member of said order, and his alleged claim arises out of his said membership.   The answer then charges, in substance, that plaintiff has not submitted his claim to the order for its action, as the constitution and other regulations of the order require.   The contention is that, under the constitution of the order, it is merely a charitable institution, organized for the mutual protection of its members, and, although the rules governing its charities are prescribed, still it is expressly stipulated that they do not create contract obligations, and all rights are made dependent upon the voluntary action of the order itself. Therefore, one can never have an enforceable claim against the order for the so-called beneficence until after it has been awarded by the order in the mode prescribed.

Section 6 of article IV, upon this subject, reads as follows: "This constitution and all laws, rules, and regulations providing for the granting of sick, funeral, and other benefits, or of any aid, relief, assistance, allowance, expenses, or money to any member, wife, widow, orphan, or any person whatever, or providing for the payment to the lodge of dues, assessments, and demands by a member, are not intended and shall not be construed to create the relation of debtor and creditor, nor to create legal rights, liabilities, nor responsibilities, nor any legal contractual relation, nor confer any right to enforce the granting or payment of the same by resort to courts of law; on the contrary, all questions, whether of law or fact, relative to the grant-

ing, payment, or refusal of the same, relate to moral duties or obligations, and not to legal ones, and appertain to the sole jurisdiction of this lodge and the authorities of this order, and their decisions in the premises shall be binding, conclusive, and final upon all members, wives, widows, orphans, or persons. Every person, by becoming or continuing a member of this lodge, consents to and agrees to abide by all the laws and decisions of this lodge, and of the authorities of the order."

This section was amended so as to read as above in May, 1889. Prior to that amendment it was provided, in effect, that the provisions for benefits were not intended to, and did not, confer upon any one the right to enforce the same in a court of law, but, on the contrary, all questions in regard to the same were for the authorities of the order only, and their decision should be final.

The right to make amendments was expressly reserved to the order, and we must presume that they were made in pursuance of the power given. The constitution and by-laws are in the nature of a contract as between the members, and the plaintiff, having stipulated that such amendment may be made, cannot complain, although it may injuriously affect him. The alleged dues accrued, if at all, after the amendment. (*Stohr* v. *San Francisco etc. Soc.*, 82 Cal. 557.)

Section 7, article IV, provides that the constitution, laws, and decisions of the sovereign grand lodge, of the grand lodge, and of this subordinate lodge are the laws of the lodge, and all persons, by becoming or continuing members, "consent to agree to and abide by the same."

I do not doubt that the obligation resting upon the lodge is a contractual obligation, and that the constitution, laws, and other regulations of the order constitute a contract. It is difficult to see how it can be called a *mere moral* obligation, notwithstanding the lan-

guage of the constitution.   The consideration is fixed, and the agreement to pay the benefit is unequivocal. The member being in good standing and not delinquent, if, through sickness he is incapacitated for work, is entitled to four dollars per week.   The provision is not that he may apply and the lodge may at its option allow a benefit.   The lodge contracts that it will allow it.   The stipulation then, is, that the member will submit his claim to the lodge, which, by its appointed tribunals, will consider and act upon the same, that the member feeling aggrieved may appeal to the grand lodge, and to the sovereign grand lodge, and the conclusion reached in the order through the proceeding thus inaugurated shall be final and conclusive.

It is contended that these provisions of the order are invalid, because, if valid, they would oust the courts of the state of their jurisdiction.   Upon this proposition many authorities are cited, which, however, I do not deem it necessary to review.   A great variety of views has been expressed upon the subject.   The question is no longer an open one in this state.   It was ruled adversely to appellant in *Levy* v. *Magnolia Lodge*, 110 Cal. 297.

That case did not involve the question as to sick benefits, but as to the conclusiveness of a proceeding for the expulsion of a member.   The principle involved was the same, or, if there be a difference, it is that there would be more question as to the reasonableness of the rule when applied to the expulsion of a member, than when applied to the claim for sick benefits.   In that case, it is said that the right of appeal is provided, and the stipulation is to the effect that the decision reached in the proceeding shall be conclusive.   As there said, the member, by becoming or continuing to be a member, did all he could to waive his right to resort to a court of law, and it is held that he could waive the right.

It cannot properly be said that thereby the parties oust the courts of their jurisdiction.   I presume no one

ever supposed that the contract could have that effect, or that the parties so intended. The courts still have jurisdiction to entertain the suit, and any rule or law which would impose a forfeiture upon a member for bringing suit would be void, as against public policy. When a suit has been brought, it is, however, a defense to his claim to show that he has agreed to submit his demand to the tribunals of the lodge under the prescribed procedure. The defendant is not engaged in business for profit. It is a semi-charitable institution. It collects dues from its members merely to distribute to members in need, according to a plan agreed to by all. It would seriously interfere with the usefulness of these mutual aid societies if their funds could be tied up by endless litigation. These benefits are not charities in the strict sense. They are dues, which the society becomes obliged to pay in certain events. It is a matter of right, and not of grace. A consideration is paid, and the lodge reserves no right to withhold payments when the conditions arise. Yet the society has many of the features of an organized charity, and it has been said that the claim for a sick benefit is not a property right. In short, the rules of law have not been applied to these institutions with the same strictness with which they have been applied to corporations organized for profit. In an ordinary case I should be loth to hold that one can effectually waive his right to sue in a court of law before his right of action has arisen, or that he can in advance agree to an arbitration, but it has been so held with reference to these mutual benefit societies, and, with reference to them, I think the regulation reasonable. (*Rood* v. *Railway etc. Assn.*, 31 Fed. Rep. 62; *Van Poucke* v. *Netherland etc. Soc.*, 63 Mich. 378; *Canfield* v. *Great Camp etc.*, 87 Mich. 626; 24 Am. St. Rep. 186.)

But even if this view were not correct there can be no doubt of the proposition that he must first exhaust all the remedies afforded within the order before he can

maintain an action at law. No such fact is averred in the complaint, and, as I understand the record, although previous applications had been made for benefits which had accrued before the time during which the benefits here sued for accrued, there is no evidence which tended to show that any application at all had been made to the lodge for the amounts here sued for.

The authorities all seem' to hold that this resource must be first exhausted. They are too numerous to admit of a full citation. In this state the following cases so hold: *Levy* v. *Magnolia Lodge*, 110 Cal. 297; *Robinson* v. *Irish etc. Soc.*, 67 Cal. 135. I can discover no support whatever for a contrary opinion in *Robinson* v. *Templar Lodge*, 97 Cal. 62. That case went off on demurrer to a complaint which merely showed a contract, by the terms of which, it was alleged, the benefit became due. The real nature of the contract, or of the organization of the order, did not appear. The opinion simply refers to such a contract as was alleged.

It was immaterial, if the above views are correct, whether the plaintiff could be required to submit his claim to a committee of the lodge or not; whatever tribunals the order established must be resorted to.

I see nothing unreasonable in a regulation which requires an application for benefits to be made within five weeks after the benefits accrued, even if the order may construe this to mean that in case of chronic illness the application must be renewed every five weeks. The order can control their procedure in such respects.

Entertaining the foregoing views, it is unnecessary to consider the rulings in regard to the instructions. Those asked by the appellant, and refused by the court, present the case upon the theory advocated by the appellant, and upon which he based his right to recover, that it was not necessary to exhaust his remedies under the laws of the order before he could maintain an action. His views upon that subject have been sufficiently discussed.

If appellant was wrong in his theory—as we hold— the court properly instructed the jury to find for the defendant.

The judgment is affirmed.

McFARLAND, J., and HENSHAW, J., concurred.

Hearing in Bank denied.