*R. M. Lee,* for plaintiff in error.

*Goulder, Holding & Masten,* for defendant in error.

---

## BENEFICIAL ASSOCIATIONS.

[Circuit Court of Cuyahoga County.]

COURT FOREST CITY No. 10, FORESTERS OF AMERICA, v. ROBERT RENNIE.

Decided, July 24, 1903.

*Sick Benefits—Reduction of by Proceedings Regularly Conducted— Rights of Members Receiving Benefits at the Time the Reduction is Made—Where There is no Affirmative Provision as to Change in By-Laws.*

The rights of a member of a beneficial association, with reference to the drawing of sick benefits, are to be determined by the by-laws of the association as they stood at the time his sickness began; and a by-law adopted subsequent to the beginning of such sickness, which reduces the beefits to be paid, is without effect as to such member.

MARVIN, J.; LAUBIE, J., and WINCH, J., concur.

Error to the court of common pleas.

Suit was brought by Robert Rennie, hereinafter spoken of as plaintiff, against the plaintiff in error, hereinafter spoken of as defendant.

The defendant is a corporation organized under the laws of Ohio as a beneficial association, and conducts its business in pursuance of its constitution and by-laws.

The plaintiff was a member of the defendant association and became sick while a member in good standing, and brought his suit to recover sick benefits.

A jury was waived and a trial had to the court upon an agreed statement of facts. The result of the trial was a finding and judgment in favor of the plaintiff. By proper proceedings the case is here for review upon error; a bill of exceptions is filed with the petition in error setting forth all the evidence introduced at the trial, and such evidence consists solely of said agreed statement of facts. Said agreed statement of facts is in the following words:

"It is agreed that the facts in this case are as follows:

"Defendant is a corporation duly incorporated under the laws of Ohio.

"Plaintiff, Robert Rennie, became a member of defendant lodge in the year of 1876, and paid his dues therein regularly until May, 1900, but at that time ceased to pay dues, and is still in good standing by reason of the following by-laws. Section 12, page 18:

" 'If a member not in arrears should be taken sick, he can not become delinquent while sick, or be deprived of his weekly benefits, but his dues shall be deducted from his benefits. But no unfinancial member shall be entitled to benefits.'

"That on or about the—day of——, 1883, he became disabled by sickness and commenced to draw sick benefits. That his sickness continued from that time up to the time of the commencement of this suit, and that he is a helpless invalid, unable to pursue any business avocation, and confined to a wheel chair for means for locomotion.

"That he drew sick benefits from about the——day of——, 1883, until the 22d day of February, 1900.

"That the defendant lodge then refused and continues to refuse to pay any sick benefits to the plaintiff.

"That at the time plaintiff commenced to draw sick benefits he did so under Article IV, Section 1 of the by-laws, which reads as follows:

" 'Each member of this court who shall be disabled by sickness or injury to his person from following any business avocation (provided such sickness or injury shall not have been occasioned by his own improper conduct), and who shall have been a member thereof, by initiation for six months, or upon clearance for three months, shall be entitled to benefits as follows: Five dollars ($5.00) per week for sixteen weeks, two dollars and fifty cents ($2.50) for the succeeding sixteen weeks and one dollar ($1.00) per week as long as the sickness continues, provided,' etc.

"That on April 19, 1899, the above by-law was amended in accordance with the provisions of Article X, Section 2 of the by-laws which reads as follows:

" 'No alterations, additions or amendments to these laws shall be made unless written notice thereof be given at the meeting of court previous to being acted upon, which shall be a summons meeting, and then concurred in by a vote of three-fourths of the members present. Provided, however, that nothing herein shall prevent a suspension of the rules for immediate purposes, by a four-fifths vote of the members present at any regular meeting.'

"That the said amended by-law is now known as Article VI, Section 1, and reads as follows:

" 'Each member of this court who shall be disabled by sickness or injury to his person, from following any business avocation (provided such sickness or injury shall not have been occasioned by his own improper conduct), and who shall have been a member thereof for six months, shall be entitled to benefits as follows: $2.50 for the first week of sickness, then $5.00 per week for the next twelve weeks; then if his sickness still continues he shall receive $2.50 for the next thirteen weeks, then all benefits shall cease for said sickness; provided,' etc.

"That said amended by-law was confirmed by the executive committee of the grand court of Ohio, and became effective on or about the 9th day of December, 1899.

"That the plaintiff has exhausted his remedies in the lodge tribunals, and has conducted nine appeals, in accordance with Article 18, Section 21 (e) of the constitution and general laws of the Foresters of America, which reads as follows:

" 'A member shall not resort to the civil courts for redress for an alleged injury until he has exhausted every means of

appeal in the order.    The penalty of non-compliance with this law shall be expulsion from the order.'

"That plaintiff prevailed in but one of said appeals, the fourth or fifth, and was defeated in all the rest; and that the delay in commencing suit herein was owing to the time necessarily occupied in prosecuting said appeals.

"That plaintiff is entitled to amount asked for in his bill of particulars, unless his rights are barred by the passage of said by-law known as Article VI, Section 1, above given, and all questions herein are waived save the question as to whether said passage of said by-law deprives plantiff of further rights to sick benefits by reason of said disability."

It will be seen that the only question here to be considered is as to the effect of the amendment to the by-laws enacted April 19th, 1899.    If the plaintiff is bound by this by-law, the judgment of the court below was erroneous; if he is not so bound, then the judgment was right.

The sickness of the plaintiff, on account of which he claims to recover, came upon him in 1883 and has continued ever since; this was something like sixteen years before this by-law was amended.    As the by-law stood in the beginning of this sickness, the plaintiff was entitled to receive from the defendant five dollars per week for sixteen weeks, $2.50 per week for the succeeding sixteen weeks, and $1.00 per week from that time on until the termination of such sickness.    He did receive the $5.00 per week and the $2.50 per week for the entire time provided for in this by-law, and $1.00 per week up to the time when the amendment was made.    Of course, if he is bound by this amendment, he is entitled to nothing more, as the time provided for in the amended by-law has long since elapsed.

The right to make and bind its members by the amended by-law is claimed on the part of the defendant by reason of Article X, Section 2 of the by-laws, which was in force at the time the plaintiff became a member of the association, which is as follows:

"No alterations, additions or amendments to these laws shall be made unless written notice thereof be given," etc.

It will be noticed that there is no affirmative provision here that the by-laws may be amended; that they may be amended is implied from the language used, the provision being simply that

they can not be amended except by pursuing the course pointed out by this law.

When the plaintiff became a member of the association he, of course, bound himself to be governed by the constitution and by-laws of the association. Did this bind him to be governed by the amended by-law passed after his right to draw benefits because of sickness accrued? The answer to this question is by no means free from doubt. Numerous cases are found in the reports in which it has been held that where there is a by-law of such an association as this, affirmatively providing for amendments to the by-laws, a member is bound by such amendment even though made after the right to draw sick benefits accrued.

In *Stohr* v. *San Francisco Musical Fund Society*, 82 Cal., 557, this language is used in the first clause of the syllabus:

"A by-law of a mutual benefit corporation which provides for the payment of a weekly sum to members in case of sickness (without specifying how long such payment shall continue) may be changed after sickness has commenced, so as to limit the period such payments shall continue after such change, but not so as to effect payments which have become due before the change."

The second clause of the syllabus reads:

"The foregoing does not depend upon an express power to change reserved by the by-laws. The contract resulting from the by-laws will be construed with respect to existing statutes authorizing a change, which statutes will be held to enter into and form a part of the contract."

One of the defenses set up in the case last named was that a change had been made in the by-laws altering the amount to be paid to the beneficiary, and that such change was authorized by a by-law in force at the time the plaintiff became a member of the association. Another defense made was that this change had been made in the by-law as to the amount to be paid to the beneficiary, without showing any by-law authorizing such change to be made. But the court say, as shown by the last clause of the syllabus hereinbefore quoted, that the change in the by-law as to the amount of benefits could as well have been made without as with the by-law expressly conferring the right to make such amendment.

Section 3630, R. S. O., provides, in express terms, that the constitution and by-laws of such associations may be changed or amended, so that the reasoning of the California court, if followed by us, would result in our holding that it is a matter of indifference whether there is any affirmative provision in the by-law of the defendant for their amendment or not. There is, however, an intimation that if the time for which benefits are to be paid is fixed by a by-law existing when such sickness begins, the change therafter made could not affect the beneficiary. This intimation is shown by the words in parentheses quoted in the first clause of the syllabus. Those words are:

"Without specifying how long such payments shall continue."

The case under consideration by the California court was one in which it was provided that a member "in case of sickness or accident by which he is incapacitated from following his profession, be entitled  *  *  *  to receive the sum of ten dollars per week, to take effect from the day of such notice."

This differs from the case now under consideration in that in the present case the by-law as it existed when the sickness began provided for payment during the continuance of such sickness.

In the California case it is said by the court, on page 561 of the opinion:

"Now, under the contract, nothing was due before the sickness took place. Benefits do not accrue for future sickness. The right of the plaintiff to benefits for future sickness is not different in its nature from the right of the well members to benefits for future sickness. In the one case, the members have a right to future payment *in case they become sick;* in the other, the plaintiff has a right to future payments *in case he continues sick.* And if there was no power to change the by-law in the one case, there was no power to change it in the other, which is equivalent to saying that there was no power to change it at all.  *  *  *

"It might perhaps be argued that the foregoing would apply, even if the by-law under consideration had specified that the weekly payments were to continue as long as the sickness continued. But it does not so specify. The time during which the payments were to continue is left indefinite. The substance of the contract is, in our opinion, that in case of sickness the member is to receive weekly payments for an indefinite period

of sickness, subject to the power of the defendant to change the provision authorizing such payments, so far as future payments are concerned.''

As already said, the intimation is very strong, that if the provision of the by-law in force at the time .the sickness began had provided that the payment should be made so long as such sickness continued, the result would have been different. It is, perhaps, not quite clear why the .result would have been different, because the reasoning is that there was no vested right in the beneficiary to have payments made while the sickness continued, more than there would be a vested right in a member to have payments made in case he should become sick. However, in the present case, we might hold that the plaintiff was entitled to recover, without holding contrary to this California case. There are cases, however, which seem to go further than the California case, notably that of *Fugure* v. *Mutual Society of St. Joseph*, 46 Ver., 362. In this case, suit was brought by the widow of a deceased member; the provision of the by-laws in force when the decedent became a member provided for a payment of twenty-five cents per day to the widow of a deceased member as long as she remained a widow; there was also a by-law then in force authorizing changes to be made in the by-laws. In January, 1869, the husband of the plaintiff died, he being then a member of the association in good standing. Six months thereafter the by-laws were amended, so as to provide that the aggregate amount to be paid to any widow under the twenty-five cent per day rule, should be two hundred dollars; this sum had been paid to the widow, and it was held that she was bound by the amended by-law and could recover nothing more. The reasoning in this case does not seem to us to be sound. When the husband died the rights of the widow under the contract as it then stood became fixed, and to permit the association to reduce the amount to be paid by the adoption of a by-law was to permit it to repudiate an obligation already incurred and fixed by the death of the husband.

Many cases are cited to us in support of the position taken by the defendant, which more fully commend themselves to our judgment than the former case referred to. See *Bowie* v. *Grand*

*Lodge No.* 34, Pac. R., 103. On the other hand, cases are not wanting in support of the position of the plaintiff that no by-law can be passed after the sickness begins, by reason of which the beneficiary is entitled to payments which can affect his right to payment during the continuance of such sickness.

The case of *Becker* v. *Berlin Beneficial Society,* 144 Pa. St., 232, is directly in point, and the reasoning of the court commends itself to us. In speaking of the amendment made to the by-laws of the association by which the amount to be paid to the beneficiary was reduced, this language is used on page 235:

"This was certainly an easy mode of relieving the society from an obligation, and, if successful, will doubtless be followed by other similar associations. The difficulty in the way of this convenient mode of paying debts is that it is repudiation, pure and simple. The argument that the plaintiff, being a member of the society, is bound by the by-law, does not meet the difficulty. It may be a good by-law as to future cases, but at the time it was passed the plaintiff was something more than a member. He was a creditor whose rights had previously attached, and those rights can not be swept away by such a scheme as this by-law."

See, also, *Starling* v. *Supreme Council,* 108 Mich., 440; *Northwest Benevolent Association, etc.,* v. *Warner,* 24 Ill. App., 357; *Wist* v. *Grand Lodge, etc.,* 22 Or., 271.

As already said, the answer to the question involved in this case is by no means free from doubt. This is apparent from the authorities already cited, showing that the courts of last resort in different states have made different answers to the question, and whichever answer is given, the result, when it is worked out, may be such as to work an apparent injustice in a given case.

If the by-laws of an association like the defendant may be amended so as to reduce the amount of sick benefits which will be paid to one who *after* such amendment shall become sick, and can not be so amended as to reduce the benefits to be paid to one who *is already sick at the time* such amendment is made, the situation may be this: That A becomes sick on the 14th day of a given month; on the 15th day of that month the amendment is made reducing the benefits to be paid to a sick member below

what they were fixed at by the law in force on the 14th; on the 16th of the same month B becomes sick. Now to say that A shall receive a larger payment on account of sick benefits than B, seems to work an injustice upon B or else to be granting a special favor to A; and yet there is this difference: That when A's sickness began, the event had happened which fixed a right in A to at once receive something from the association; *that something* was the sick benefit provided by the by-law then in force, and in the case at bar was to continue so long as the sickness continued, while in the case of B the event which fixed an indebtedness from the association to *him* did not occur at the time when the higher payment was that provided by the law. It would seem that this distinction is such as to give a right in A not possessed by B. When the by-law was passed, A's rights had been fixed by his becoming sick, and fixed under the *old* by-law. When B became sick *his* rights were fixed, and fixed under the *new* by-law.

Perhaps an equally and possibly more troublesome case might be this (to reason this out entirely logically) : A becomes sick. The by-law in force at the time he becomes sick gives him the larger sick benefit. Thereafter an amendment is passed in pursuance of the statute of this state and in pursuance of the by-laws of the association. Such amendment is passed reducing the amount. Now to say that if he continues sick, no matter how long that sickness may continue, he shall receive the larger amount, but that if he gets well and remains well three days and again becomes sick, he shall receive the lesser amount provided by the amendment, affords a case, as already said, by no means free from doubt.

The opinion of Judge Harmon of the Superior Court of Cincinnati, in the case of *Pellazzino* v. *The German Catholic Society*, reported in the 16th Law Bull., 27, seems to us to be sound. And we hold that the plaintiff's rights are to be determined by the by-law as it existed at the time his sickness began, and the judgment of the court of common pleas is affirmed.

*Edward David*, for plaintiff in error.

*Harold Remington*, for defendant in error.