SALVATORE LO BIANCO, complainant-respondent,

*v.*

GEORGE CUSHING et al., defendants-appellants.

[Submitted February 16th, 1934. Decided April 12th, 1934.]

On appeal from an order of the court of chancery advised by Vice-Chancellor Berry, who expressed the following views:

"The bill seeks the reinstatement of the complainant as a member of the Union County Moving Picture Machine Op-

erators Local No. 485 and an adjudication as to the legality
of certain by-laws, rules and regulations of the local and in-
ternational bodies. Amongst these rules and regulations is
one which provides that all moving picture machine operators'
jobs within the jurisdiction of the local are to be the prop-
erty of the local itself, and the fact is, as shown by both the
moving and the answering affidavits, that the jobs are so
considered and parceled out amongst the members according
to the will or whim of the business agent. Another rule,
regulation or by-law, is that making a member liable to ex-
pulsion for bringing an action at law against the union
before exhausting all remedies within the union. The bill
alleges that because of prejudice it would be useless to pursue
these remedies. It further appears from the affidavits that the
by-law, under the provision of which the complainant was
expelled from membership in the union, was adopted some
months after the filing of the present bill. It is alleged
that an agreement was entered into between the complainant
and the defendants by the terms of which the complainant
was obligated to discontinue the proceedings, but this is
denied. In any event, the proceedings were not discontinued,
but they have been amended and supplemented. The present
proceedings are a continuation of the original proceedings
and were begun by bill filed in February of this year. The
main offense of which the complainant is alleged to be guilty
is that he consulted a lawyer with respect to his rights as a
member of the union. The defendants take the position
that to do this before first using the facilities of the union
itself for settlement of the dispute is such an unconscionable
act and indicates such an 'unbrotherly attitude' as to demon-
strate the complainant to be unworthy of membership in this
'fraternal' organization. Another offense was his objection
to the payment of $1.50 for a relief man when he was arbi-
trarily called to attend upon an officer of the union and ex-
plain why he had not paid his weekly dues. Immediate per-
sonal appearance before this officer was required and this
necessitated the complainant's abandoning his work during
his hours of duty. The requirement of immediate attendance

before this officer was arbitrary, to say the least, and the same may be said of every official action and every action of the executive committee with respect to the complainant's charges of violation of his rights. The arbitrary exercise of authority by the union officers is plainly apparent from the defendants' own affidavits. The bill of complaint raises serious questions with respect to the substantial rights of the complainant of which he has been deprived. The position taken by the defendants is that pending the determination of complainant's rights, he can be expelled, and, to use the language of Vice-Chancellor Bigelow in *Harris* v. *Deiver, 112 N. J. Eq. 99,* 'and starve' because it is obvious from the answering as well as the supporting affidavits, that the complainant must have the approval of the Union County Moving Picture Machine Operators Local No. 485 before he can obtain employment within the jurisdiction of that union. The union claims to own all the jobs and apparently exercises the rights of ownership in an arbitrary manner.

"I will advise an order directing the reinstatement of the complainant as a member of this union pending the determination of the issues in this cause."

*Mr. Thomas L. Hanson, Mr. George McElroy* and *Mr. Sam Weiss,* for the appellants.

*Messrs. McCarter & English,* for the respondent.

PER CURIAM.

The order appealed from will be affirmed, for the reasons expressed by Vice-Chancellor Berry in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.