S. H. BROWN and C. H. RUMRILL, Respondents, *v.* JOHN PFORR, Appellant.

Revocation.—An agency to sell land is revocable at any time before sale, unless coupled with an interest, or given for a valuable consideration.

Contract—Construction.—P. employed B. & R., who were brokers, to find a purchaser of certain lands, and promised if they would find, within a month from that date, a purchaser able and willing to buy, at a certain figure, he would pay them a certain sum. B. & R. found a purchaser within the month, but before they found him, P. had revoked their agency. In an action by B. & R. against P. for their commissions, *Held,* that they could not recover.

Appeal from the District Court of the Fourth District, City and County of San Francisco.

The defendant appealed.

At the request of the plaintiffs, the Court instructed the jury as follows :

*First.* — "Unless there be an express agreement to the contrary, the commission of a broker is due as soon as he finds a party willing and able to purchase property placed in his hands for sale, and who agrees to purchase the same on

the terms named. If the jury, therefore, find that Brown & Rumrill procured or found any person who was willing and able to purchase the property at the price and within the time named by the defendant, they must find for the plaintiffs in the amount claimed, unless their authority to sell was revoked by the defendant, and the plaintiffs consented to such revocation, or abandoned the right to sell.

*Second.* — "It is for the defendant to prove by preponderating testimony, the fact of the rescission of the contract made."

To which the defendant excepted.

The defendant requested the Court to instruct the jury as follows :

*First.* — "If, from the evidence, the jury believe that the defendant revoked the authority of the plaintiffs to sell, or find a purchaser for, the property described in the complaint, and gave them notice of such revocation before they sold the same or found a purchaser therefor, then the plaintiffs are not entitled to recover ; although they afterwards, and within one month after the 25th day of February, A. D. 1868, found a purchaser who was willing and able to purchase said property.

*Second*— "If, from the evidence, the jury believe that the defendant revoked the authority of the plaintiffs to sell or find a purchaser for said property, and gave them notice of such revocation before they sold the same or found a purchaser therefor, then the plaintiffs are not entitled to recover any compensation for services performed in their efforts made prior to that time to find such purchaser, or effect such sale."

The Court refused to give these instructions, or either of them, and the defendant excepted.

The remainder of the case is stated in the opinion of the Court.

*George & Loughborough,* for Appellant:

Cited Parsons on Contracts (5th. Ed. Vol. I, pp. 448–452); *Coffin* v. *Landis* (46 Penn. Rep. 434.)

*Grey & Brandon*, for Respondents:

Argued that under the peculiar terms of the contract, the appellant could not rescind within the month, except with the consent of the respondents, but cited no cases in support of this construction of the contract.

SANDERSON, J., delivered the opinion of the Court:

The plaintiffs are brokers, and sue upon a contract with the defendant, by which he agreed to pay them the sum of $750, if they would find, within one month from the date of the contract, a purchaser for a certain parcel of real estate belonging to him, willing and able to buy, at the price of $65,000, and allege performance, which they proved at the trial. The defendant admits the contract, as alleged, but avers that he revoked the agency of the plaintiffs before they had found a purchaser, and proved it at the trial. The Court instructed the jury to the effect that, in view of the fact that the plaintiffs were allowed by the terms of the contract a *specific* time within which to find a purchaser, the defendant could not revoke *without the consent of the plaintiffs.* Under this instruction the jury found for the plaintiffs, and the defendant has brought the case here.

It is a general rule that any agency, whether to sell land, or to do any other act, unless coupled with an interest, or given for a valuable consideration, is revocable at any time. This general principle is not disputed by counsel for the plaintiffs, but it is insisted that this case is taken without its operation by the peculiar terms of the contract, by which, as is claimed, the defendant has impliedly, if not expressly, restricted his power of revocation, and made the contract continuous for a month. This seems to have been the construction put upon the contract by the Court below, but we do not so understand it. Its terms, as stated in the complaint, are, that the defendant employed the plaintiffs to find a purchaser for the real estate described in the complaint, "and promised and agreed to and with the plaintiffs, in consideration that the plaintiffs would undertake to seek, and

should, within a month from that date, succeed in finding a person who should be willing and able, and who would agree to purchase the said property at and for the sum of $65,000 in gold coin, he would pay them for such service the sum of $750 in gold coin." Counsel find the alleged restriction upon the defendant's power of revocation in the words by which the time within which the plaintiffs are required to perform is limited to one month from the date of the contract; but, as it seems to us, the restriction is upon the power of plaintiffs, and not upon that of the defendant. It seems obvious to us that the restriction was intended for the benefit of the defendant, and not the plaintiffs. The force of the limitation is, that the defendant will pay them the stipulated price for the service if they completely perform it within one month; otherwise he will pay them nothing. There is nothing directly or impliedly affecting the question of revocation; and, indeed, we are unable to perceive how, under any circumstances, a mere limit as to the time allowed for the performance of a contract of agency to sell land, can be construed into an agreement on the part of the principal not to revoke the power.

The rule that in this class of contracts the principal may revoke at any time before *complete* performance by the broker, unless he has expressly otherwise agreed, may be a harsh rule, as suggested by counsel; but if it is, it would seem to be a very easy matter for the broker to protect himself against it. At all events, if he does not insert a covenant to that effect in his contract, the Courts cannot do it for him.

Judgment and order reversed, and a new trial granted.