[No. 12638. In Bank. — May 27, 1891.]

89  251
h145 677

## JULIUS BLUMENTHAL, APPELLANT, *v.* EDWIN GOODALL, RESPONDENT.

REAL ESTATE BROKER — RIGHT TO COMMISSIONS — REVOCATION OF AUTHORITY BEFORE COMPLETION OF SALE. — Where a broker, employed to sell land, in good faith finds a purchaser within the period allowed by the terms of the written contract of employment, and prior to the revocation of his authority places the matter in such a position that success is practically certain and immediate, the revocation by the vendor of the broker's authority and the termination of his agency before the completion of the sale, against the express provisions of the contract of employment, does not deprive the broker of his right to his commissions, but the principal is liable therefor, if the purchaser is ready and willing to pay the purchase-money before the expiration of the contract period.

BREACH OF CONTRACT — PREVENTION OF PERFORMANCE — DAMAGES. — Where the performance by one party of a contract is prevented by the act of the other, the party not in fault may recover in damages such sum as will fully compensate him for the injury which he has sustained by reason of the non-performance of the contract.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*H. C. Firebaugh,* for Appellant.

When an agent to sell land has procured a purchaser who is willing and able and ready to buy it at the stipulated price, and introduced such purchaser to his principal, his duty is done, and he is entitled to his commissions. (*Hart* v. *Hoffman,* 44 How. Pr. 168; *Short* v. *Millard,* 68 Ill. 292; *Neilson* v. *Lee,* 60 Cal. 555; *Moore* v. *Stone,* 40 Iowa, 259; *Phelan* v. *Gardiner,* 43 Cal. 306; *Walter* v. *Derby,* 5 Biss. 134; *Moses* v. *Bierling,* 31 N. Y. 462; *Delaplaine* v. *Turnley,* 44 Wis. 31; *Buckingham* v. *Harris,* 10 Col. 455; *Doty* v. *Miller,* 43 Barb. 529; Story on Agency, sec. 325; *Durkee* v. *Vt. Cent. R. R. Co.,* 29 Vt. 127; *Kock* v. *Emmerling,* 22 How. 69.)

As the contract of authorization had no provision to the contrary, the purchaser obtained had at least a reasonable time to search the title, and the search having been made and completed within six days, and within the ten days' life of the contract, was within time. (*Fisk* v. *Henarie*, 9 West Coast Rep. 172; *Doty* v. *Miller*, 43 Barb. 529; *Mooney* v. *Elder*, 56 N. Y. 238; *Blood* v. *Shannon*, 29 Cal. 392.) The question of title was one between the defendant and the purchaser, and even though the title proved bad, the agent was entitled to his commissions. (*Middleton* v. *Findla*, 25 Cal. 76; *Glenworth* v. *Luther*, 21 Barb. 145; Civ. Code, sec. 1727; *Buckingham* v. *Harris*, 10 Col. 455.)

*George W. Towle, Jr.*, for Respondent.

The extent of Oesterreicher's authority, under the agreement, was simply to find and produce to Goodall a person ready, willing, and able to purchase the property upon the terms proposed by Goodall. (*Duffy* v. *Hobson*, 40 Cal. 240, 244, 245; 6 Am. Rep. 617; *Rutenberg* v. *Main*, 47 Cal. 213, 219; *Armstrong* v. *Lowe*, 76 Cal. 617.) The power had by Goodall over and under such agreement was the power to revoke it, and all authority by Oesterreicher under it, at any time before complete performance on the part of Oesterreicher. (*Brown* v. *Pforr*, 38 Cal. 550, 553; *Janin* v. *Brown*, 59 Cal. 37, 47; *Flanagan* v. *Brown*, 70 Cal. 254; Civ. Code, sec. 2356.) The closing sentence of the agreement does not prevent Goodall from revoking it at any time before complete performance by Oesterreicher. (*Frink* v. *Roe*, 70 Cal. 311.) Complete performance is producing to the principal a person who then is, when produced to the principal, ready, willing, and able to consummate the purchase on the terms proposed by the principal. (*Masten* v. *Griffing*, 33 Cal. 111.)

GAROUTTE, J.—This cause has been heard in Department and in Bank, and is now before the court in Bank for decision upon an order granting a rehearing.

This is an action for the recovery of commissions claimed to have been earned by a real estate agent in the sale of certain lands belonging to defendant. Judgment for defendant; motion for new trial denied; and appeal from both judgment and order.

The court found that the defendant, being the owner of the land in question, on the thirteenth day of July, 1887, gave to L. Oesterreicher, a real estate agent, an authorization in writing, of which the following is a copy: "I hereby authorize Mr. L. Oesterreicher to sell blocks 899, 900, 901, 903, outside lands, for the sum of fifteen hundred dollars ($1,500) each; will allow him one hundred dollars ($100) as commissions for his services on each block. This contract to be in force for ten days from date hereof." Which paper was duly dated and signed by defendant.

The court further finds that on the same day Oesterreicher agreed with one Fulda, orally, for the sale of the blocks at the price named, but Fulda failing to put his agreemnet in writing, Oesterreicher afterwards, and on the same day, executed with O. F. Von Rhein & Co. the following agreement, in writing:—

"Received of O. F. Von Rhein & Co. the sum of three hundred dollars ($300) on account of purchase of outside land, blocks 899, 900, 901, and 903; price agreed upon, six thousand dollars ($6,000). Subject to perfect record title. Thirty days allowed for examination of title; if title does not prove perfect, deposit to be returned."

On the same day Oesterreicher notified the defendant in writing of what he had done with Von Rhein; that on the 14th Von Rhein applied to defendant, told him of his agreement to purchase, and asked for the abstract of title. Defendant told him that he would not allow thirty days to examine title. Von Rhein replied that he would make the examination earlier if possible, and

received and receipted for the abstract, the same to be returned to the defendant, but no time for its return specified. Later in the same day, defendant received from Fulda a letter notifying him that he (Fulda) had agreed with Oesterreicher for the purchase of the blocks, and that he was prepared to examine the title and complete the purchase if the title proved satisfactory, demanding of defendant to complete the sale, and offering to deposit five hundred dollars on account thereof; that on the next day defendant served written notice upon both Oesterreicher and Von Rhein & Co., reciting that Oesterreicher had procured the authorization given to him upon his representation that he had an Eastern party, who was about to depart, to whom he could sell those blocks if he had authority to act at once, but he had not time to hunt up other blocks for him before his departure; that instead of selling them, as he said he could, he had negotiated a sale of them to two different resident purchasers, and in view of these complications and misstatements he revoked the authority of Oesterreicher, and declined to proceed further in the consummation of the sale of the property through him; that on the nineteenth day of July, Von Rhein completed his examination of the title and offered to complete the purchase, but the defendant refused to accept the money, or make the deed; that demand of the commission had been made and refused, and the claim therefor had been duly assigned to plaintiff. It was also found that the authorization from defendant had not been secured through any fraud or misrepresentation on the part of Oesterreicher.

On these facts the court found as a conclusion of law that the plaintiff was not entitled to the relief demanded, and judgment was entered for defendant.

It is a general principle of law that as between the principal and the agent, the authority of the agent is revocable at any time, if not coupled with an interest, and

this principle is recognized by section 2356 of the Civil Code.

Mechem upon the Law of Agency, section 209, says: "But this *power* to revoke is not to be confounded with the *right* to revoke. Much uncertainty has crept into the books and decisions from a failure to discriminate clearly between them. . . . . As has been seen, the relation of the agent to his principal is founded in a greater or less degree upon trust and confidence. It is essentially a personal relation. If, then, for any reason, the principal determines that he no longer desires or is able to trust and confide in the agent, it is contrary to the policy of the law to undertake to compel him to do so. . . . . But it by no means follows that though possessing the power the principal has the right to exercise it without liability, regardless of his contracts in the matter. It is entirely consistent with the existence of the power that the principal may agree that for a definite period he will not exercise it, and for the violation of such an agreement the principal is as much liable as for the breach of any other contract."

In section 615 the author says: "In using the expressions *rightfully* and *wrongfully* revoked, it will be understood that the question of the principal's *power* to revoke is not involved, but whether by express or implied agreement, having undertaken not to exercise that power, he has, nevertheless, exercised it in violation of the agreement."

Section 620 reads: "Thus if after a broker employed to sell property had in good faith expended money and labor in advertising for and finding a purchaser, and was in the midst of negotiations which were evidently and plainly approaching to success, the seller should revoke the authority with the purpose of availing himself of the broker's efforts and avoiding the payment of his commissions, it could not be claimed that the agent had no remedy. In these cases it might well be said

that there was an implied contract on the part of the principal to allow the agent a reasonable time for performance; that full performance was wrongfully prevented by the principal's own acts; and *that the agent had earned his commission.*"

In the case of *Lane* v. *Albright*, 49 Ind. 279, where the owner of the real estate sold it pending the negotiations of the agent in making a sale, and prior to the expiration of the time given by the owner to the agent, and where the agent within the time given did find a purchaser, the court says: "The appellant performed all that he was required by the contract to do, and was prevented by the appellee from selling the land. The appellee disabled himself from carrying out the contract of sale made by the appellant."

"The fact that the appellee had authorized appellant to sell his land did not deprive himself of the power of selling it, but he could not thereby avoid his *liability to appellant.*"

In *Hawley* v. *Smith*, 45 Ind. 183, upon full consideration, the court decided that the rule is, that where the performance by one party is prevented by the act of the other, the party not in fault should recover in damages such sum as will fully compensate him for the injury *which he has sustained by reason of the non-performance of the contract.* To the same effect is Story on Agency, sec. 466.

In the case at bar it may be conceded that the agent had not entirely carried out his contract at the time the defendant revoked his authority, but upon the nineteenth day of July, and within the limit of time fixed by the contract, he did produce the purchaser, with his money in his hand, demanding a deed. The court found that the plaintiff entered into this contract in good faith, and that the writing was untainted with fraud. The record discloses that the agent was most active in his efforts to find a purchaser; indeed, the real reasons of defendant's

revocation of the agency appear to be that the agent was too active, as he had found two purchasers for the property, instead of one.

The case of *Brown* v. *Pforr*, 38 Cal. 553, would seem to indicate, upon a cursory examination, views hostile to the principles expressed in the authorities cited in this opinion, but upon examination of that case it can readily be seen that no hostility exists.

The contract in that case does not expressly stipulate that it shall remain in force thirty days, and the opinion of Justice Sanderson clearly intimates that if there had been a provision in the contract that it should remain in force for such length of time, the defendant would not have been permitted to prevent performance and escape without making compensation to the agent.

The remaining cases cited by respondent upon this question add no merit to his contention. The defendant expressly agreed that his contract with the agent should remain in force for the period of ten days.

The act of the agent in finding a purchaser required time and labor for its completion, and within three days of the execution of the contract, and prior to its revocation, he had placed the matter in the position that success was *practically* certain and immediate, and it would be the height of injustice to permit the principal then to withdraw the authority and terminate the agency as against an express provision of the contract, and perchance reap the benefit of the agent's labors, without being liable to him for his commissions. This would be to make the contract an unconscionable one, and would offer a premium for fraud by enabling one of the parties to take advantage of his own wrong and secure the labor of the other without remuneration.

Let the judgment and order be reversed, and the cause remanded, with direction to the court below to enter judgment for the plaintiff as prayed for.

De Haven, J., Harrison, J., and Beatty, C. J., concurred.

McFarland, J., Paterson, J., and Sharpstein, J., dissented.

Rehearing denied.