[No. 6201. Decided July 31, 1906.]

HARRISON I. NORTON *et al., Appellants,* v. I. L. SJOLSETH
*et al., Respondents.*[1]

BROKERS—CONTRACTS—POWER TO SELL—REVOCATION. A written
power, for a valuable consideration, giving agents the exclusive
right to sell lands within a certain time, is not a power coupled
with an interest, and is revocable within the time before the sale is
made, so that a purchaser with notice of the revocation could
acquire no rights by contract with the agents.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered November 14, 1905, upon find-
ings in favor of the defendants, after a trial on the merits
before the court without a jury, in an action for specific per-
formance. Affirmed.

*E. H. Guie,* for appellants.

*Wright & Kelleher,* for respondents.

HADLEY, J.—This is an action for specific performance.
Plaintiffs alleged that the defendants entered into an agree-
ment in writing with the firm of Randall & Goodwin, whereby
they engaged said firm as their agents to sell certain specified
real estate in Seattle; that for a valuable consideration, the
exclusive right to sell the property was granted to said agents
for the period of seven days from January 28, 1905, and
the defendants agreed to cause the property to be conveyed
by good and sufficient warranty deed to the person or per-
sons designated by said firm; that said agents, in behalf of
defendants, sold said premises to the plaintiffs on the 4th day
of February, 1905, for the sum of $2,100, according to the
terms specified in said written authority of agency; that on
said day said agents informed the defendants of the sale,
designated the plaintiffs as the persons to whom the property
should be conveyed, tendered defendants the sum of $2,100,

[1]Reported in 86 Pac. 573.

and requested the conveyance to the plaintiffs; but that defendants refused, and still refuse, to make such conveyance.

The answer alleged that the written agreement as to the agency was signed by the defendants on Saturday, January 28, 1905, and that upon Monday, January 30, 1905, before any sale or contract of sale for the premises had been made, the defendants revoked and cancelled said authority, and notified said agents thereof; that the plaintiffs, before agreeing to buy the property, had notice and knowledge of said revocation. The cause was tried by the court without a jury. The equities were found to be with the defendants, and judgment was entered to the effect that plaintiffs shall take nothing by their action. The plaintiffs have appealed.

It is assigned that the court erred in denying appellants the relief they ask. We think the judgment is sustained by the evidence. The defense was that the authority to sell was revoked before any sale was made, and we think there was ample evidence to sustain that contention. The contract as to the agency was made January 28, and both respondents testified that on January 30 they notified their said agents that they would not sell the property. The contract of sale, alleged in the complaint as having been made to appellants by the agents, was made February 4. While the written authority to sell covered a period of seven days, and that time had not expired when the contract for sale was made, yet the revocation occurred before that time. As between the respondents and a purchaser, they could revoke the power to sell before a sale was made. There was nothing contained in the contract with the agents by which respondents bound themselves not to revoke the power to sell within the seven days. It is true, they granted their agents seven days within which to make a sale, and as between the agents and themselves, they may have been bound to the agents for the payment of their compensation if the latter found a purchaser within the specified time. This, in any event, is conceded by respondents, and the record shows that they have paid the

agents their commission. As between appellants and respondents, the question presented here is merely one of power. The power to sell did not reside in the agents after it had been revoked. We think it sufficiently appears that appellants' immediate representative was advised of the revocation before the contract of sale was made February 4. Before that time the agents, who had been notified that the respondents declined to continue the power to sell, attempted to get authority to sell the east half of the tract. Appellant's agent who represented them in the attempted purchase, said of that: "I think likely I suggested it. I found out that there was difficulty about getting the title—of their refusing to give this deed, and I made that suggestion." Under these circumstances appellants dealt with the agents, and they must be bound by the powers of the latter at the time the agreement to purchase was finally consummated. The authority of the agents did not create a power coupled with an interest so as to make it irrevocable. It is an interest in the subject on which the power is to be executed, and not an interest in that which is produced by the exercise of the power that makes a power coupled with an interest.

"The power must be engrafted on an interest in the property on which the power is to be exercised, and not an interest in the money derived from the exercise of the power." *State ex rel. Walker v. Walker,* 88 Mo. 279.

See, also, *Chambers v. Seay,* 73 Ala. 372; *Shisler's Estate,* 13 Pa. Co. Ct. 513; *Brown v. Pforr,* 38 Cal. 550. The last cited case is in essential particulars like the one at bar. The court observed as follows:

"Counsel find the alleged restriction upon the defendant's power of revocation in the words ly which the time within which the plaintiffs are required to perform is limited to one month from the date of the contract; but, as it seems to us, the restriction is upon the power of plaintiffs, and not upon that of the defendant. It seems obvious to us that the restriction was intended for the benefit of the defendant, and not the plaintiffs. The force of the limitation is, that the

defendant will pay them the stipulated price for the service if they completely perform it within one month; otherwise he will pay them nothing. There is nothing directly or impliedly affecting the question of revocation; and, indeed, we are unable to perceive how, under any circumstances, a mere limit as to the time allowed for the performance of a contract of agency to sell land, can be construed into an agreement on the part of the principal not to revoke the power."

We think, from the record before us, that the court did not err in refusing to decree specific performance, and the judgment is affirmed.

MOUNT, C. J., FULLERTON, DUNBAR, CROW, ROOT, and RUDKIN, JJ., concur.