[L. A. No. 6509. In Bank.—March 29, 1921.]

# VINCENT L. ROTH, Appellant, v. MARIA MOELLER, Respondent.

[1] AGENCY — REVOCATION OF AUTHORITY — POWER OF PRINCIPAL.—
A principal has the power to revoke an agent's authority at any
time before the agent has completed performance, save in the case
of an agency coupled with an interest.

[2] ID.—LIMITATION UPON RIGHT OF REVOCATION—CONTRACT OF PRIN-
CIPAL.—A principal may curtail his right of revocation of an
agent's authority by contracting not to revoke the authority for a
definite time.

[3] ID.—REVOCATION WITHIN LIMITED PERIOD—RIGHT OF PRINCIPAL—
LIABILITY TO AGENT.—A principal who contracts not to revoke
the authority of an agent for a definite time still retains the power
to terminate the agency within the designated period, but if he
does so, he renders himself liable for damages for the violation of
a legal right of the agent.

[4] BROKERS — NEGOTIATION OF EXCHANGE — IRREVOCABLE OFFER FOR
TEN DAYS — REVOCATION OF AGENCY — RIGHT OF PRINCIPAL.—
Under a contract between an owner of real property and a firm
of real estate agents containing an offer to exchange such property
for that of a third person and providing that the offer should
be null and void unless accepted within ten days, but that during
such period the offer should be irrevocable, and further providing
that such agents should act as the agent in negotiating the ex-
change, the owner had the right to revoke the agent's authority
at will, since the contract contained no provision that the agency

---

4. Revocation of authority of real estate broker, notes, 2 Ann. Cas.
886; 12 Ann. Cas. 1085; Ann. Cas. 1918D, 339.

should continue for any specific period, and the ten days allowed for acceptance was a part of the offer.

[5] CONTRACT — IRREVOCABLE OFFER — LACK OF CONSIDERATION—RIGHT OF REVOCATION.—An offer to exchange real property providing that the offer shall be irrevocable for ten days is revocable at any time before acceptance, where the offer and the agreement not to revoke are made without consideration.

[6] BROKERS—ACTION FOR SERVICES—EVIDENCE—QUESTIONS BY COURT —DISCLOSURE OF MATERIAL FACTS OF DEFENSE—LACK OF PREJUDICE.—In an action for broker's services in procuring an alleged acceptance of an offer of exchange, questions put by the court to plaintiff, while appearing as a witness in his own behalf, resulting in the disclosure, upon his case in chief, of facts material to the defense, were not prejudicial, where no harm appears to have resulted and plaintiff's counsel was given ample opportunity to examine the witness after he had answered the questions.

[7] EVIDENCE—EXAMINATION OF WITNESSES—POWER OF COURT.—It is within the power of the court to call or examine witnesses in furtherance of justice against the will of either party.

[8] BROKERS—DEFENSE OF SPECIFIC PERFORMANCE ACTION—NONLIABILITY FOR EXPENSES OF PRINCIPAL.—A broker authorized to negotiate an exchange of real property is not liable to his principal for the expenses incurred by the latter in defending the other exchanging party's action for specific performance, on the theory that the broker violated instructions in procuring acceptance of the offer after revocation, where the other exchanging party had knowledge of such revocation and notwithstanding claimed the right to accept under the provision of the contract providing that the offer should be irrevocable for ten days.

APPEAL from a judgment of the Superior Court of San Bernardino County. H. T. Dewhirst, Judge. Affirmed and reversed.

The facts are stated in the opinion of the court.

A. W. Burt for Appellant.

Swanwick & Donnelly for Respondent.

LENNON, J.—This action was instituted for the recovery of compensation for services alleged to have been rendered under a contract in writing, whereby the defendant Mrs. Maria Moeller authorized the plaintiff Roth and cross-defendant King to submit to one Richardson a proposition for the exchange of an orange grove which belonged to defend-

ant Moeller for real property owned by said Richardson. Roth and King were engaged in the real estate business, King residing and having his office in the city of Los Angeles, while Roth resided in a country district near the home and property of defendant. The contract, which was drawn by King and signed by the parties at defendant's home on October 16, 1916, after reciting in detail the proposed offer to be submitted to Richardson, continued: "Unless this offer shall be accepted in writing within 10 days of the date hereof and such written acceptance delivered to me or to my agent hereinafter named, all within the time aforesaid, this offer shall thereupon immediately be and become revoked, null and void without notice. During said period this offer shall be irrevocable." The agreement then set forth further details relating to incidents of the exchange and finally provided for an agency in the following terms: "Roy D. King, Vincent L. Roth is hereby authorized to act as my agent in negotiating an exchange; I agree that if he shall secure an acceptance of the proposition to exchange the above described property on the above terms, that I will, within 10 days, furnish a Certificate of Title or Abstract from a reputable and reliable Abstract company . . . And it is further agreed with said Vincent L. Roth, Roy D. King that when he has secured an acceptance of the proposition to exchange the above described property on the above terms, I will then pay him the sum of Seven Hundred Seventy three and 64/100 (773 64/100) dollars as commission for such services, which is the entire commission to be paid by me."

King delivered this agreement to Richardson's agent in Los Angeles on the evening of October 16th. The following morning defendant Moeller telephoned to plaintiff Roth and directed him to hold up the proposition. Roth conveyed defendant's message by telephone to King's father, in Los Angeles, who, in turn, informed cross-defendant King. On the same day, October 17th, cross-defendant King told Richardson's agent that defendant Moeller had directed that nothing further be done under the agreement. This agent reported to Richardson, to whom he had already delivered the agreement, that defendant "seemed to be trying to get a better deal." Nothing occurred until October 20th, when Roth took Richardson to see defendant's place, it being

stated to her that Richardson desired to look the grove over. He did examine the property and discussed the exchange with Mrs. Moeller, but no agreement had been reached when the men left that afternoon. On the following day Richardson indorsed his acceptance upon the offer of exchange and recorded the same and, on November 27, 1916, brought suit against defendant for the specific performance thereof.

The present action was instituted by Roth alone, to whom King has assigned all his interest, and the complaint sets forth two causes of action, the first of which alleges full performance of the contract in securing Richardson's acceptance of the offer of exchange within ten days after the execution of the contract and seeks the compensation provided by the contract; the second claiming $773.64 as the reasonable value of services performed under the contract. Defendant, in addition to an answer alleging revocation of the authority granted by the contract, filed a cross-complaint against plaintiff and King as cross-defendants, claiming that the expense incurred by her in defending Richardson's suit for specific performance was the result of the acts of the agents in violating instructions and carrying on the deal notwithstanding her withdrawal of their authority. The trial court nonsuited the plaintiff Roth. It was further adjudged that the cross-complainant was not entitled to any judgment against cross-defendant King, but an affirmative judgment was entered in favor of cross-complainant and against cross-defendant Roth in the sum of five hundred dollars. Roth appeals from the judgment of nonsuit and from the judgment upon the cross-complaint.

The effect of defendant's revocation of the agents' authority is the paramount point to be determined in passing upon the correctness of the judgment of nonsuit. [1] Save in the case of an agency coupled with an interest, a principal has the *power* to revoke an agent's authority at any time before the agent has completed performance. (Civ. Code, sec. 2356; *Flanagan* v. *Brown,* 70 Cal. 254, [11 Pac. 706]; *Parke* v. *Frank,* 75 Cal. 364, [17 Pac. 427]; *Blumenthal* v. *Goodall,* 89 Cal. 251, [26 Pac. 906]; 1 Cal. Jur., p. 705.) [2] A principal may, however, curtail his *right* of revocation by contracting not to revoke the authority for a definite time. [3] If the principal does so contract, he still retains the power to terminate the agency and the termination can-

not be prevented by the agent, but a revocation of authority within the designated period renders the principal liable for damages for the violation of a legal right of the agent, just as in the case of any other breach of contract. (*Parke* v. *Frank*, *supra; Blumenthal* v. *Goodall*, *supra; Ropes* v. *John Rosenfeld's Sons*, 145 Cal. 671, [79 Pac. 354]; *Sill* v. *Ceschi*, 167 Cal. 698, [140 Pac. 949]; *Boehm* v. *Spreckels*, 183 Cal. 239, [191 Pac. 5].)

[4] We are of the opinion that, in the instant case, defendant violated no rights of the agents in revoking their authority. The contract herein sued upon contains no agreement that the agency shall continue for a specific period. That part of the agreement which sets forth the terms of exchange contains a provision that the offer to Richardson shall become null and void if not accepted within ten days and the further statement that during that period the offer is to remain irrevocable. [5] This offer to Richardson and the agreement not to revoke it were made without consideration, and the offer was therefore revocable at any time before acceptance, for it is elementary that an agreement not to revoke a bare offer is not binding. There is no provision that the *authority of the agents* shall remain irrevocable for any period. The ten days allowed for acceptance was a part of the offer to Richardson, but the writing does not provide that the agents shall have ten days in which to procure the acceptance; the concluding paragraphs of the writing, wherein the agents are authorized to procure an acceptance, contain no specification as to time. It is true that, the offer to Richardson being void at the expiration of ten days, the authority of the agents, if not sooner revoked, would amount to nothing after that period; but this is a limitation upon, rather than a grant of, the time for their performance. Upon this theory the case is distinguishable from that class of cases where the principal has, by the terms of his contract, restricted his right of revocation (*Blumenthal* v. *Goodall*, *supra*), and comes within the decision in *Brown* v. *Pforr*, 38 Cal. 550. In that case the principal had agreed to pay plaintiffs a commission "if they would find, within one month from the date of the contract, a purchaser for a certain parcel of real estate." The court held that the limitation of time was a restriction limiting the time allowed for performance by the agent and not a restriction upon

the principal's right of revocation; in other words, that the limitation was one in favor of the principal rather than the agent. Similarly, in the present case, the ten-day period was a limitation upon the authority of the agent and not upon the principal's right of revocation.

It may be that, where a principal permits an agent to expend money or time and effort under a contract, an agreement not to revoke for a reasonable time may be implied from the circumstances and the principal held liable for the agent's commission in case he violates the implied agreement. (*Boehm* v. *Spreckels, supra; Blumenthal* v. *Goodall,* 89 Cal. 251, 255, [26 Pac. 906].) However, owing to the promptness with which the authority was revoked by defendant, no such question arises in this case. Furthermore, no proof was introduced tending to show that any time or money had been expended by the agents before the revocation.

It follows that, since the contract of agency did not contain an agreement on the part of the principal not to revoke the agents' authority, either party was at liberty to terminate the relationship at will. Since plaintiff proved no services prior to the revocation entitling him to reimbursement, defendant was not liable for compensation under the contract or for the value of services rendered, and the judgment of nonsuit was proper.

[6] Certain questions put by the court to plaintiff, while appearing as a witness in his own behalf, resulted in the disclosure, upon the plaintiff's case in chief, of facts material to the defense, namely, the facts concerning the revocation of the agents' authority by defendant. By this, plaintiff claims to have been prejudiced. The order of proof is, in general, in the sound discretion of the court. (Code Civ. Proc., sec. 2042.) While departures from prescribed procedure should not be made or countenanced, save for some especial and good reason, still in the present case no harm appears to have resulted from the irregularity complained of, and it does affirmatively appear that counsel for plaintiff was given ample opportunity to, and in fact did, examine the witness after he had answered the questions of the court. [7] Moreover, it is within the power of the court to call or examine witnesses in furtherance of justice against the will of either party. (*Marin etc. Co.* v. *Railroad*

*Com.*, 171 Cal. 706, 714, [Ann. Cas. 1917C, 114, 154 Pac. 864].)

[8] By her cross-complaint, defendant Moeller seeks damages for violations of instructions on the part of the agents in procuring Richardson's acceptance of the offer of exchange after the revocation. As between Richardson and Mrs. Moeller, there is no question but that Mrs. Moeller had the right to withdraw her offer at any time before acceptance by Richardson. Consequently if, through the neglect of the agents, Richardson's acceptance was given without notice of the withdrawal of the offer, the agents might be held liable for the resulting damages. There is uncontradicted evidence that Richardson did not accept until the evening of October 20th. On October 17th Richardson received notice through his own agent, with whom cross-defendant King had communicated, that Mrs. Moeller was reconsidering her offer. On October 20th, before the acceptance, Roth, upon the request of Richardson, took the latter to view the property in question, with the hope that they would come to an understanding. At that time Richardson himself had an interview with Mrs. Moeller, in the presence of plaintiff Roth, wherein Mrs. Moeller stated that she would not trade on the terms previously offered, and the parties were unable to reach any agreement. It was after this conversation that Richardson notified Roth and King of his acceptance of the original offer. The record is barren of evidence showing or tending to show that Richardson's attempted acceptance after the revocation was secured by any acts of the agents Roth and King, or that it was the result of anything but Richardson's own reliance upon that term of the proposition which stated that the offer would not be revoked for ten days as a term which he was entitled to insist upon, regardless of his knowledge of the revocation. Since there was no proof of any misconduct on the part of the agents resulting in damages to cross-complainant Moeller, the judgment in her favor upon the cross-complaint cannot be sustained.

The judgment of nonsuit is affirmed. The judgment in favor of respondent upon her cross-complaint is reversed.

Sloane, J., Wilbur, J., Angellotti, C. J., Shaw, J., Lawlor, J., and Olney, J., concurred.