[Civ. No. 3043. Fourth Dist. Mar. 1, 1943.]

F. J. CAMPODONICO et al., Respondents, v. JOE MAR-CHESOTTI, Appellant.

Gumpert & Mazzera and J. Calvert Snyder for Appellant.

West & Vizzard for Respondents.

MARKS, J.—This is an action for damages for breach of a contract authorizing plaintiffs to act as brokers for defendant in the sale of about fifty cars of potatoes. Plaintiffs recovered judgment for $1,000 and defendant has appealed.

Plaintiffs were duly licensed brokers authorized to handle potatoes for customers. Defendant was a farmer who raised about fifty-three cars of potatoes on land in Kern County. John T. Battaglia was the agent for plaintiffs and acted for them in the transaction with defendant.

Plaintiffs and defendant entered into the following agreement:

"THIS AGREEMENT made and entered into this 22nd day of January, 1940, by and between F. J. CAMPODONICO and E. P. TISCORNIA of the City of Stockton, County of San Joaquin, State of California, parties of the first part, and JOE MARSCHESOTTI, County of Kern, State of California, party of the second part,

## "WITNESSETH

"IT IS HEREBY AGREED that the Party of the Second Part, growing seventy (70) acres of potatoes about eight (8) miles south of Arvin, located in Kern County, agrees to deliver

approximately 50 cars of potatoes or more, in sacks, to be handled by party of the First Part as follows:

$\dfrac{\text{WLB}}{\text{J}}$ "If sold F.O.B. Track, $20.00 per car

"If sold delivered where an outside brokerage is to be charged, Party of the Second Part agrees to pay $30.00 per car and Party of the 1st Part is to pay all telegrams and office expense, etc., out of this, but Party of the Second Part agrees to pay all commissions and outside brokerages that it takes to handle the car at destination.

"IN WITNESS WHEREOF, the parties hereto have placed their hands and seals the day and year first above written.

F. J. CAMPODONICO

E. P. TISCORNIA

Parties of the First Part.

JOE MARCHESOTTI

Party of the Second Part."

Battaglia testified that on the morning following the execution of the contract he had a telephone conversation with defendant which he described as follows:

"Q. Now just tell us what Mr. Marchesotti said to you at that time? A. He said he didn't want to deal with Tiscornia and Campodonico. Q. Isn't it true, Mr. Battaglia, that he asked you at that time to give the contract back to him? A. He did. Q. And didn't you tell him you were going to? A. Well, I told him I would take it up with Campodonico first. Q. But you may answer my question: Didn't you tell him that you were going to try to get the contract back for him and give it back to him? A. I told him I would try, yes. Q. Don't you recall his calling you on the phone in the evening after the contract was signed and telling you that he didn't realize that that contract was made with Campodonico and Tiscornia and as soon as he discovered it, he called you on the phone and told you he would not deal under those circumstances? A. I think it was the following morning, I am not positive as to that."

There is other undisputed evidence that on several subsequent occasions defendant asked for a return of the contract and informed Battaglia that he did not want to deal with plaintiffs.

Section 2356 of the Civil Code provides in part as follows:

"Unless the power of an agent is coupled with an interest

in the subject of the agency, it is terminated, as to every person having notice thereof, by:

"1. Its revocation by the principal; . . . ."

It is clear that the contract did not vest in the agents a power coupled with an interest, so that defendant had the right to revoke the agency at any time, and after revocation plaintiffs had no remedy other than an action for any damages suffered by them prior to the time of the revocation. (*Roth* v. *Moeller*, 185 Cal. 415 [197 P. 62] ; *Capital National Bank of Sacramento* v. *Stoll,* 220 Cal. 260 [30 P.2d 411].

We have searched the record and have found no evidence of any damages suffered by plaintiffs prior to the telephone conversation between defendant and Battaglia. It is true that Campodonico testified that his firm had brokerage contracts covering several hundred acres of potatoes; that letters were written to customers in the east offering the potatoes for sale; that he made a trip east in connection with the sale of the potatoes of the various growers with whom plaintiffs had contracts.

There is no evidence that plaintiffs had found a purchaser for defendant's potatoes prior to his telephone conversation with Battaglia. Neither is there evidence that anything was done by plaintiffs towards marketing defendant's potato crop or that plaintiffs had expended any time or money in an endeavor to do so prior to this conversation. In the absence of any supporting evidence we cannot assume that any of the acts specified by Campodonico were done in the very short time elapsing between the execution of the contract and the telephone conversation revoking it. Plaintiffs' right to a commission depended on their sale of the potatoes. As they did not find a purchaser for them and, as far as the evidence discloses, did nothing towards selling prior to the revocation of this agency, it follows that the judgment for damages is without evidentiary support.

This conclusion makes it unnecessary to consider the other questions argued by counsel. However, we may point out that it was alleged and found that plaintiffs had found "purchasers ready and willing to buy said potatoes." There was neither an allegation nor a finding that any purchaser so found was financially able to make the purchase. This seems to have been assumed at the trial.

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.